(158 App. Div. 709.)

SHATTUCK v. BUEK.

(Supreme Court, Appellate Division, First Department.    November 7, 1913.)

LANDLORD AND TENANT (§ 184*)—RENT—PAYMENT—DEPOSIT AS SECURITY—
RECOVERY BACK.

Under a lease of a house at $375 a month, which provided that three months' rent should be paid on the delivery thereof, $375 to be applied on the first month's rent, and the balance to be retained by the lessor as a guaranty fund to be applied on the rent of the last two months of the term, the $750 was not paid in advance as rent for the last two months, but was deposited as security, and belonged to the original lessee, subject to any claim upon it for the last two months' rent, and hence an assignee of the lease, who paid the last two months' rent, could not recover the deposit on the theory that the rent was overpaid, the original lessee not having assigned her right to the deposit, especially where there was no allegation or proof justifying a recovery of money voluntarily paid.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

Appeal from Appellate Term, First Department.

Action by La Forest A. Shattuck against Charles Buek.   A judgment for plaintiff, after a trial by the court without a jury, was affirmed by the Appellate Term, and defendant appeals.   Reversed, and new trial granted.

See, also, 156 App. Div. 899, 141 N. Y. Supp. 1146.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Carlisle Norwood, of New York City, for appellant.
John O'Connell, of New York City, for respondent.

SCOTT, J.   On August 29, 1901, defendant leased to one A. E. Rogers, a house, etc., on Grammercy Park at the yearly rent of $4,500, payable $375 per month.

The lease contained the following clause:

"Three months rent, namely eleven hundred and twenty-five dollars ($1125) shall be paid upon the execution and delivery of this lease, of which $375 shall apply upon the first month's rent of the term hereby granted; and the balance $750 shall be retained by the lessor as a guaranty fund to be applied upon the rent of the last two months of the said term, upon which 6% interest shall be allowed."

One Susan A. Briggs guaranteed the payment of the rent.

At some time (when does not appear) A. E. Rogers, the lessee, seems to have assigned this lease to one Marion S. Furber.   No actual assignment is produced, but there is a consent by defendant to such an assignment, and also a consent by the surety.   September 5, 1903, Marion S. Furber assigned the lease to Ella F. Shattuck, who was thereafter recognized by defendant as his tenant.   No reference to the deposit of $750 is contained in this assignment.   On January 16, 1904, Mrs. Shattuck and defendant had a settlement, when it was found that she owed $1,122 for rent.   She gave a note for this sum,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the lease was canceled, and Mrs. Shattuck remained in possession as a monthly tenant. She assigned to defendant a mortgage for $7,500 on some property in Pennsylvania. In December, 1906, one Radford, who had bought the mortgaged property from Mrs. Shattuck, paid defendant the amount of the note, with all interest and charges. · Mrs. Shattuck assigned to plaintiff all her interest in the $750. I can see no principle upon which plaintiff can recover.

As I read the covenant, the $750 was deposited *as security* by Mrs. Rogers, the original tenant, and at all times belonged to her, subject to any claim upon it for the last two months' rent. If this be so, Mrs. Shattuck never acquired any right to it, for no assignment of this sum from Mrs. Rogers is shown.

The plaintiff, appreciating this difficulty, claims that the effect of this deposit was to *pay*, at the time ̀the deposit was made, the rent for the last two months of the lease, and that when Mrs. Shattuck paid the rent for those months she overpaid defendant. We consider that the $750 was deposited as security, not paid, in advance, as rent, but, even if it were to be treated as a payment, and it be found that Mrs. Shattuck consequently overpaid defendant, the case is barren of allegation or proof to justify a recovery of money voluntarily paid.

It follows that the determination of the Appellate Term and the judgment of the city court must be reversed, and a new trial granted, with costs to the appellant in all courts to abide the event. All concur.