THE JACOB HOFFMANN BREWING COMPANY, Respondent,
*v.* FRANK WUTTGE et al., Defendants, and JOHN L.
KLAGES, Appellant.

Landlord and tenant — lease — mortgage — when mortgagee
of lease may not redeem — when removal of tenant from
leased premises and surrender to landlord cancels lease —
mortgage given by tenant does not reduce landlord's rights
under lease — upon cancellation of lease mortgage ceases to
exist as lien and action to foreclose cannot be maintained —
when equity may permit redemption.

1. A mortgagee of a lease has no right to redeem under sections
2257–2259 of the Code of Civil Procedure where the warrant in dis-
possess proceedings has not been executed.

2. The moving of a tenant from leased premises, thereby enabling
the landlord to take peaceable possession of them after the issuance
and service of a precept in summary proceedings, cancels the lease
and annuls the relation of landlord and tenant as of the time of removal.
The removal is the precise act and effect the landlord sought through
the service of the precept and it is entirely immaterial whether it is
produced through the warrant or the conduct of the tenant in obedi-
ence to the precept. A mortgage given by the tenant does not reduce
the lessor's rights under the lease or prevent him from pursuing any
and all of his remedies for the non-performance of the covenants.
(*Cornwell* v. *Sanford*, 222 N. Y. 248, followed.)

3. Where a tenant has covenanted in his lease that if he fails to
pay his rent at the time specified the landlord may re-enter and relet
the premises and, being in arrears for rent and water rates and the
landlord having commenced dispossess proceedings, voluntarily sur-
renders possession to the landlord and gives him the key to the place,
the lease is terminated, a mortgage thereupon ceases to exist as a lien,
and an action to foreclose such mortgage cannot be maintained.

4. Where possession has been obtained without a warrant and the
unexpired term exceeds five years, equity might, in a proper case,
permit redemption upon payment or tender of payment of the rent
within the time prescribed by the statute, *i. e.*, a year and a day.

*Hoffmann Brewing Co.* v. *Wuttge*, 200 App. Div. 357, reversed.

(Argued December 14, 1922; decided January 16, 1923.)

APPEAL from a judgment, entered May 5, 1922, upon
an order of the Appellate Division of the Supreme Court

# 470 HOFFMANN BREWING CO. v. WUTTGE.

in the second judicial department which reversed as matter of law a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directed judgment of foreclosure on a lease made by the defendant Klages to defendant Wuttge and directed sale of the leasehold and payment out of the proceeds of the debt of the plaintiff which the mortgage was given to secure.

*Jeremiah J. Coughlan* and *August G. Klages* for appellant. The moving by the tenant from the leased premises enabling thereby the landlord to take peaceable possession of them, after the issuance and service of the precept in summary proceedings, cancels the lease and annuls the relation of landlord and tenant as of the time of the removal. It is immaterial, within the law, whether the removal is produced through the warrant or the conduct of the tenant in obedience to the precept. (*Cornwell* v. *Sanford*, 222 N. Y. 248.) The mortgagee's rights are measured by those of his mortgagor, the tenant here, and the cancellation of the lease, pursuant to its terms, as to the tenant cancels it as to the mortgagee as well. (*Bore* v. *Coppola*, 45 Misc. Rep. 636; *Bruder* v. *Geisler*, 47 Misc. Rep. 370.) The mortgagee could have protected its interests by seeing to it that the rent was paid when due. (*Dunlop* v. *James*, 70 App. Div. 71; 174 N. Y. 411; *Newell* v. *Whigham*, 102 N. Y. 20; *Keeler* v. *Keeler*, 102 N. Y. 30; *Rubenstein* v. *Rosenthal*, 50 Misc. Rep. 313; *Meyers* v. *K. of P. Assn.*, 194 App. Div. 405; *Bowen* v. *Selby*, 183 N. W. Rep. 93; *Abrahams* v. *Tappe*, 60 Md. 317; *Couch* v. *Scandinavian American Bank*, 197 Pac. Rep. 284.)

*James Marshall* for respondent. The rights of the mortgagee could not be prejudiced or cut off by virtue of the surrender or abandonment of the lease by the defendant Wuttge or by any subsequent agreement between the defendants Klages and Wuttge. The surrender and abandonment are void as against the lien of plaintiff's mortgage. (*Cornwell* v. *Sanford*, 222 N Y.

248; *Rector, etc.,* v. *Mack,* 93 N. Y. 488; *Keeler* v. *Keeler,* 102 N. Y. 30; Thomas on Mort. [3d ed.] § 146; *Eten* v. *Luyster,* 60 N. Y. 252; *Kearny* v. *Post,* 1 Sandf. 105; 2 N. Y. 394; *People, etc.,* v. *Dudley,* 58 N. Y. 323; *Chumar* v. *Melvin,* 53 Misc. Rep. 460.) Plaintiff was under no duty as mortgagee out of possession to pay rent in arrears to defendant Klages. (*Damainville* v. *Mann,* 32 N. Y. 196; *Astor* v. *Miller,* 2 Paige, 68; *Astor* v. *Hoyt,* 5 Wend. 604; *Walton* v. *Cronly,* 14 Wend. 64; McAdam on Landl. & Ten. [4th ed.] 241, 245; *Newell* v. *Whigham,* 102 N. Y. 20.)

CRANE, J. On June 1, 1913, the defendant John L. Klages made a lease to the defendant Frank Wuttge of premises known as 422 Jackson avenue, borough and county of Queens in the city of New York, for a term of twenty-one (21) years at a rental for the first five years of $3,000 per year, the next five years $3,500 per year, the next five years $4,000 per year, and for the remaining six years $4,500 per year. The lessee covenanted to pay the rent in advance in equal quarterly payments to be made the first day of each September, December, March and June. He also covenanted in the lease as follows: " 7. In case of default in any of the covenants or conditions, or in case the whole or any part of said premises shall become vacant, the landlord may resume possession of the premises, either by force or otherwise, without being liable to any prosecution therefor, and relet the same during the remainder of the term, at the best rent that he can obtain for account of the tenant, who will make good any deficiency."

The tenant entered into possession of the premises under this lease. On the 1st day of February, 1920, there was due the landlord $978.09 for rent and water rates. Personal demand was made upon the tenant but he failed to pay. On February 16, 1920, dispossess proceedings were commenced by the landlord in the Municipal Court in the city of New York which resulted

in a final order on the 20th of February, 1920, awarding possession to the landlord. The tenant did not appear. A warrant was issued to the sheriff, directing him to remove the tenant. This warrant was not served. The tenant voluntarily surrendered possession to the landlord and gave him the key to the place. Thereafter and on the 28th of February, 1920, the owner made a new lease at an increased rental to one Samuel Horowitz.

On the 12th of March, 1920, Frank Wuttge, the tenant, confirming his surrender, executed a writing duly acknowledged on the last page of the defendant Klages' copy of the lease, surrendering and yielding up to the lessor the lease and the lands and the premises therein mentioned, and all the term yet to come. Thereafter on application to the Municipal Court in which the dispossess proceedings had been had an order was made on the 4th of June, 1920, vacating and setting aside and discontinuing all such proceedings.

The Jacob Hoffmann Brewing Company, the plaintiff herein, held a mortgage of $10,000 on this lease made by Klages to Wuttge. It was dated January 19, 1914, and was given to secure a bond in that amount dated the same day. In it the mortgagor covenanted with the brewing company as follows: "*Fourth.* The mortgagor will pay the rent and other charges mentioned in and made payable by said lease or of any renewal thereof, or any new lease, within ten days after said rent or charges are payable, and if not paid, the company may pay the same and add the amount thereof to the indebtedness hereby secured, and the mortgagor hereby authorizes the company to pay such rent and charges if not so paid by the mortgagor." This mortgage was duly recorded and was in existence at the time of the dispossess proceedings above mentioned and the surrender by the mortgagor-lessee to the owner.

Learning of the proceedings, the brewing company filed in the Municipal Court a notice of its intention to redeem the premises in the manner provided by sections 2257,

2258 and 2259 of the Code of Civil Procedure. As the warrant to the sheriff had not been executed, these provisions of the Code gave to the mortgagee no right to redeem. This notice was not followed up by any payment or tender of payment of all rent in arrears with interest thereon and with costs and charges incurred by the landlord. The brewing company and its counsel must have understood that it had no right to redeem under these sections of the Code.

This action was commenced on the 14th of November, 1921, to foreclose this mortgage which the plaintiff had on Wuttge's lease and prayed judgment that the lease and the leasehold interest be sold according to law and the plaintiff paid the amount owing to it on its bond. At the opening of the case counsel for the plaintiff claimed his position to be that as the lessor had not proceeded with his dispossess proceedings and executed a warrant so as to give the mortgagee a chance to redeem, the lessor had waived the default of the lessee in the non-payment of rent; that the lease was, therefore, still in existence subject to the plaintiff's mortgage which it was foreclosing. The action was tried upon this theory. The Appellate Division has also adopted this view for it said in its opinion that the defendant Wuttge having granted to the brewing company an interest in the leasehold by way of mortgage, had no right or power to destroy the interest by surrendering the lease to the landlord. This is contrary to our decision in *Cornwell* v. *Sanford* (222 N. Y. 248), where we held that the moving of the tenant from the leased premises thereby enabling the landlord to take peaceable possession of them after the issuance and service of a precept in summary proceedings, cancels the lease and annuls the relation of landlord and tenant as of the time of removal. The removal, we said, was the precise act and effect the landlord sought through the service of the precept and that it was entirely immaterial whether it was produced through the warrant or the conduct of the

tenant in obedience to the precept.   Surely the mortgage given by the tenant to this plaintiff could not reduce the lessor's rights under the lease or prevent him from pursuing any and all of his remedies for the non-performance of the covenants.   When Wuttge failed to pay his rent, the owner was not called upon to consult the tenant's assignees, mortgagees or subtenants before taking action. Neither was he compelled to resort to legal proceedings. He could accept the voluntary surrender of the premises and enter into possession and relet them according to the terms and conditions of his lease.   Wuttge had covenanted in his lease that if he failed to pay his rent at the times specified, the owner could re-enter and relet the premises. What was there in the act of mortgaging the leasehold which prevented the landlord from doing this?   If the lessor and lessee had entered into any new arrangement not a part of the lease and the surrender by the tenant was either in bad faith or under such new arrangement or contrary to the provisions of the lease then in such case a mortgage on the leasehold would not be affected or cut off.   Such was the case in *Eten* v. *Luyster* (60 N. Y. 252) which distinctly recognized, however, that the termination of the leasehold according to the provisions of the lease would cause all rights dependent upon the lease to fall with it.

The plaintiff brewing company when it took its mortgage must have known the terms of this lease.   It knew that the tenant had covenanted to pay the rent at a certain time and that in default thereof the landlord could regain possession.   Its duty, therefore, in accordance with its privilege reserved in the mortgage was to pay the rent itself if it desired to keep alive the lease.   (*Dunlop* v. *James*, 174 N. Y. 411, 414.)

We, therefore, are of the opinion that the lease between Klages and Wuttge was terminated by the surrender of the tenant and that the mortgage of the plaintiff thereupon ceased to exist as a lien.

1923.] Statement of case. [234 N. Y. 475]

We do not mean to intimate that under the conditions here existing the brewing company would not have had a right to redeem in equity although technically under the provisions of the Code it had no such right. Where possession has been obtained without a warrant and the unexpired term exceeds five years equity might in a proper case permit redemption. (*Howard* v. *Fanshawe*, L. R. 1895, 2 Ch. 581.)

No doubt if such relief were granted equity would follow the statute by requiring the payment or tender of payment of the rent within the time prescribed by the statute, *i. e.*, a year and a day. (*Coit* v. *Campbell*, 82 N. Y. 509, 514.) However, we need not now determine what the plaintiff's rights would have been in equity as this action is not brought for redemption or upon any such theory and the plaintiff has never paid or offered to pay the rent due from Wuttge under the lease.

For the reasons here stated, the judgments of the Appellate Division and the Special Term must be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, Mc-LAUGHLIN and ANDREWS, JJ., concur.

Judgments reversed, etc.