DAY AND NIGHT GARAGE COMPANY, INC., Appellant, *v.* PROMIN
ENGINEERING CORPORATION, Respondent.

Supreme Court, Appellate Term, First Department, June 29, 1932.

*Philip Bernstein [Harry Kaplan* of counsel], for the appellant.

*Arnstein & Levine [Sidney S. Levine* of counsel], for the respondents.

PER CURIAM. The finding of the jury that upon dispossession of the plaintiff the lease was terminated within the meaning of paragraph 10 of that instrument is sustained by the evidence.

There is no evidence to support the statement of the trial judge in the opinion that the mortgagee of the lease was not a party to the summary proceeding and it is contrary to the assertion in appellant's brief that the mortgagee was a party to and served with the precept in that proceeding. However, the mortgagee was not a necessary party to the proceeding (*Hoffmann Brewing Co.* v. *Wuttge*, 234 N. Y. 469, 474; *Rubenstein* v. *Rosenthal*, 50 Misc. 313; *Levy* v. *Winkler*, 59 id. 482), summary dispossession under the statute was not essential to the termination of the lease within the meaning of paragraph 10, and the mortgage made by the assignee prior to the plaintiff did not transfer title to the deposit to the mortgagee, for an assignment of a lease does not pass title to the deposit given to secure performance of the lease (*Shattuck* v. *Buek*, 158 App. Div. 709; *Nemtzoff* v. *Vagnier*, 163 N. Y. Supp. 1075), and it does not appear that the mortgagor, assignee of the lease, owned the security.

Judgment reversed, with costs, and judgment directed for plaintiff for $2,700, with interest and costs.

CALLAHAN and UNTERMYER, JJ., concur; LEVY, J., dissents.

MOTION for reargument, or in the alternative for leave to appeal to the Appellate Division.

PER CURIAM. As a ground for reargument it is urged that we overlooked the clause in the mortgage made by an assignee of the lease to Benjamin Portugal, which purports to mortgage the security as well as the lease.

While the case contains no evidence that the assignee-mortgagor was entitled to mortgage the deposit, a mere assignee of a lease having no title to a deposit given to secure performance of the lease (*Shattuck* v. *Buek*, 158 App. Div. 709; *Nemtzoff* v. *Vagnier*, 163 N. Y. Supp. 1075), we will assume that the assignee in this instance was the transferee of the lessee's right to the deposit and that such interest was mortgaged to the mortgagee.

The theory of the dismissal of the complaint by the trial judge was that the mortgagee, under the doctrine of *Rodack* v. *New Moon Theatre* (121 Misc. 63), not the plaintiff-assignee, had the legal title to the lease and was, therefore, the real party in interest.

Apart from the fact that the authority relied upon is contrary to the decision in *Hoffmann Brewing Co.* v. *Wuttge* (234 N. Y. 469, 474), and a termination of the lease within the meaning of paragraph 10 thereof effectively ended the mortgage, saving, however, the right

of redemption under the statute (Civ. Prac. Act, §§ 1437, 1438), it is not denied that the mortgagee was a party to the summary proceeding brought by the landlord, so that his rights were terminated therein, and it does not appear that any proceeding was brought to redeem.

It seems clear, therefore, that the mortgagee was not the real party in interest in this action.

Assuming that after dispossession the mortgagee retained an interest in the $4,500 deposit to the extent of the balance of $747 due him, although such interest might warrant an application by the defendant to make him a party, it would not make him the real party in interest.

Motion denied.

LEVY, J., dissents.