David Keusch, Plaintiff, *v.* James Morrison and United Irving
Corporation, Defendants.

City Court of New York, New York County, June 29, 1932.

*Schlesinger & Krinsky,* for the plaintiff.

*Cardozo & Nathan,* for James Morrison, defendant.

*Sullivan & Cromwell [Alexander M. Grean, Jr.,* of counsel], for
the United Irving Corporation.

Noonan, J.   The action was brought by the assignee of a security
deposited under a lease against the lessor to recover the sum of
$2,070.72 as the accrued interest on the security.   The motion
asks that the answers of the lessor and the mortgagee of the lease-
hold be stricken out and for summary judgment against the lessor.
The plaintiff in his complaint does not demand judgment against
the mortgagee but has joined it as a party defendant because of
a claim made by it against the lessor to the money in question.
On January 15, 1920, Joseph Bleiweiss entered into a written agree-

ment with the defendant James Morrison whereby Morrison leased to Bleiweiss the premises known as Nos. 245–247 West Twenty-eighth street and Nos. 244–246 West Twenty-ninth street, borough of Manhattan, New York city, for a term of years. One of the provisions of the lease required the lessee to deposit with the lessor United States Liberty bonds of the par value of $10,000 for the faithful performance of all the terms, covenants and conditions on his part to be performed. This provision further provided as follows: " The lessee shall be entitled to receive any and all coupons or the interest upon the bonds which may at any time be deposited under this clause of the lease, and the lessee is hereby given a lien upon the demised premises to an amount equal to the value of the securities deposited under this clause but in no event to exceed $10,000, and the said lien is to terminate if the securities are returned or withdrawn or a surety company bond is substituted therefor." Under this provision of the lease the lessee deposited Liberty bonds of the par value of $10,000. On February 2, 1920, Bleiweiss by an instrument in writing assigned the above-mentioned lease, together with the security therein named, to Anna Leah Realty Co., Inc., which assumed all of the covenants, claims and conditions of the lease. This assignment was permitted by the lease and released the original lessee from any personal liability under the lease and was duly recorded. On November 15, 1926, Anna Leah Realty Co., Inc., to secure the payment of $25,000, mortgaged the leasehold " together with the appurtenances and all the estate and rights of the mortgagor of, in and to said premises under and by virtue of the aforesaid indenture of lease " to the Wellworth Construction Company, Inc., and on December 14, 1926, the mortgagee assigned its entire interest in the leasehold mortgage to United Irving Corporation, one of the defendants herein. The mortgage provided that upon a default by the mortgagor in the payment of the indebtedness secured the mortgagee had the power to enter upon the demised premises and to sell the lease together with the right, title and interest of the mortgagor. On February 20, 1927, Anna Leah Realty Co., Inc., assigned to the plaintiff in this action all the right, title and interest of the assignor in and to the security deposited under the lease. The written assignment provided that the assignee was to hold the security " as collateral security for the repayment of the party of the second part, of all the indebtedness now due or to be due to the party of the second part." The assignment, therefore, on its face was one of pledge only, although the complaint in the action alleges that the assignment passed to the plaintiff herein all of the assignor's right, title and interest in and to the said security.

On this motion, however, the defendant United Irving Corporation

raises no issue on the question of the plaintiff's right to bring this action. In the latter part of 1927, by reason of the default of the Anna Leah Realty Co., Inc., in paying its indebtedness amounting at the time to $35,621.87, the defendant United Irving Corporation brought an action to foreclose the leasehold mortgage and among others joined as parties defendant the original lessee, Joseph Bleiweiss, Anna Leah Realty Co., Inc., Wellworth Construction Co., Inc., and the lessor, James Morrison. The complaint in the foreclosure action asked that the defendants be barred and foreclosed of and from any and all right, title, interest, claim and lien in and to the lease and said mortgaged leasehold and that the said lease and leasehold interest be sold. Bleiweiss and Anna Leah Realty Co., Inc., were served with the summons and complaint in the foreclosure action, but did not appear and on their default the Supreme Court in New York county, on March 24, 1928, entered a judgment of foreclosure directing that the lease be sold. This judgment of foreclosure also contained the following direction as to the sale, " and all the right, title and interest therein and in and to the security deposited thereunder of said Joseph Bleiweiss and of said Anna Leah Realty Co., Inc., and each of them, and all the right, title and interest of said Anna Leah Realty Co., Inc., under and by virtue of said indenture of lease." Pursuant to this judgment a foreclosure sale was held and the defendant United Irving Corporation became the purchaser at the sale, and on May 25, 1928, the referee in the foreclosure proceeding gave a deed of the lease to the United Irving Corporation " together with the security therein set forth and all the right, title and interest in said lease and in and to the security deposited thereunder of said Joseph Bleiweiss and of said Anna Leah Realty Co., Inc., and each of them * * *." The defendant United Irving Corporation thereupon entered into possession of the property.

The present action is instituted by the plaintiff against the lessor, James Morrison, to recover the interest which has accrued on the security for the period between August 1, 1928, and September 1, 1931. The defendant United Irving Corporation claims that it is entitled to this interest as purchaser of the lease on the foreclosure sale of the mortgaged leasehold. The sole question on this motion is whether the mortgage on the lease given by Anna Leah Realty Co., Inc., to Wellworth Construction Co., Inc., and thereafter assigned by the latter to the defendant United Irving Corporation included the security deposited under the lease. The defendant Morrison is willing to pay the interest on the security to whatever party the court so directs. The plaintiff in this action was not made a party in the action to foreclose the mortgage on the lease for the reason that the United Irving Corporation as the plaintiff

in that action had no knowledge of the existence of the assignment of the security.

It seems to me that the question involved on this motion must be decided by a construction of section 272 of the Real Property Law in effect at the time the mortgage was made which provides as follows: " Construction of grant of appurtenances, and all of the rights and estate of the mortgagor. In any mortgage on a lease of real property the words ' together with the appurtenances and all the estate and rights of the part   *   *   *   of the first part of, in and to said premises under and by virtue of the aforesaid indenture of lease,' must be construed as meaning, together with all and singular the edifices, buildings, rights, members, privileges and appurtenances thereunto belonging or in anywise appertaining; and also all the estate, right, title, interest, term of years yet to come and unexpired, property, possession, claim and demand whatsoever, as well in law as in equity, of the said mortgagor or obligor, of, in and to the said demised premises, and every part and parcel thereof, with the appurtenances; and also the said indenture of lease, and the renewal therein provided for, and every clause, article and condition therein expressed and contained." The mortgage here in question contained the words used in the statute " Together with the appurtenances and all the estate and rights of the mortgagor of, in and to said premises under and by virtue of the aforesaid indenture of lease." The language of section 272 seems all embracing. The legislative intent was to provide a statutory form of mortgage which would convey to the mortgagee all of the mortgagor's interest in a leasehold. In the words of the statute all the " *property, possession, claim and demand* whatsoever, as well in law as in equity, of the said mortgagor or obligor, of, in and to the said demised premises ". is transferred to the mortgagee. (Italics are the writer's.) Surely the security is a property right which is embraced in the word " property." The lease in question stated that the lessee was given a lien upon the demised premises to an amount equal to the value of the security. The comprehensive language of section 272 of the Real Property Law would seem to cover this lien. If the lien is included in the mortgage it follows that the security upon which the lien is based must also pass to the mortgagee. The statute further provides, " and also the said indenture of lease, and the renewal therein provided for, and every clause, article and condition therein expressed and contained." This provision contains a broad grant of interest. The legislative intent expressed by such language is that the mortgage of a leasehold passes to the mortgagee the benefit of every clause, condition and incident of the lease. It is true that the mortgage did not specifically mention the security. Failure to do so does not prevent its inclusion

in the mortgage, as would seem to be evident from the statutory provisions. All that was required, in my opinion, was for the instrument of mortgage to follow the statutory provisions, and if that was done all the interest of the lessee, including the property right to the security, passed to the mortgagee. The mortgage is drawn pursuant to the statutory form of leasehold mortgage provided in section 273 of the Real Property Law, with some elaborations, and the language employed in the mortgage is that expressed in section 272. It is said that the court on the law side must shut its eyes to the equity of the situation, since its field of vision is confined to the four corners of the instrument. Still I believe that the equity of the situation should be considered in order to arrive at the intention of the parties. It seems to me that the mortgagor and mortgagee must have intended that the mortgage should cover the security as well as all other interests of the mortgagee in the lease. The mortgage was given to secure an indebtedness of over $25,000. At the time of the judgment in the foreclosure action this indebtedness had reached the sum of over $35,000. Can it be said that the mortgagee intended to take merely the bare leasehold as a security for the debt and to except from the mortgage the valuable right to the security deposited under the lease? The plaintiff took an assignment of the lessee's interest in the security after the same lessee and assignee had mortgaged its entire interest in the leasehold. The mortgage was recorded, but the assignment of the security was not recorded. The plaintiff waited three and one-half years to collect his interest on the security at a time when the mortgage had been foreclosed and the title to the security had been given to the mortgagee by the referee's deed. I am not unmindful of the authorities which hold that the assignment of a lease does not include the security deposited by the tenant thereunder unless it is specifically included in the assignment. (*Shattuck* v. *Buek,* 158 App. Div. 709; *Nemtzoff* v. *Vagnier,* 163 N. Y. Supp. 1075; *Goodale Real Estate Corp.* v. *Subridge Holding Corp.,* 139 Misc. 587.) These cases, in my opinion, do not apply, since here the question concerns the mortgage of a lease and not an assignment. There is no statute providing how an assignment of the lease should be made and what should be included therein. Section 272 of the Real Property Law, however, is a legislative mandate as to the language to be used in the mortgage of a lease and as to the interest and property embraced therein. In addition to the above reasons there is the fact that in the foreclosure action a judgment was entered by the court directing that the security be sold as an incident of the mortgaged leasehold. Although this judgment was rendered by default, its conclusiveness is not affected. (*Goebel* v. *Iffla,* 111 N. Y. 170; *Tax Lien Co.* v. *Schultze,* 213 id. 9, 12.) The plaintiff contends

that the judgment in the foreclosure action and the referee's deed delivered pursuant thereto are void and consequently do not affect the plaintiff's rights. It is urged that the complaint in the foreclosure action did not raise any issue with respect to the security as it did not contain any allegations indicating that the plaintiff therein claimed any right in and to the security. For that reason it is said that the judgment in the foreclosure action is a nullity and does not prevent the plaintiff from asserting his title to the security in this action. (*Tax Lien Co.* v. *Schultze, supra; Jasper* v. *Rozinski*, 228 N.Y. 349; *Clapp* v. *McCabe*, 155 id. 525; Civ. Prac. Act, § 479.) The complaint in the foreclosure action recited the mortgage, and as such mortgage was drawn pursuant to the statute it was not necessary to specifically mention the security. The plaintiff in that action was not called upon to mention in detail in its complaint every specific property right or claim which it had under the mortgage. (See 42 C. J. Mortgages, § 1612.) In the foreclosure action Bleiweiss and Anna Leah Realty Co., Inc., were joined as parties defendant. If the security was covered by the mortgage, the judgment of foreclosure is conclusive against them with respect to it, and the plaintiff, as the assignee of Anna Leah Realty Co., Inc., is in no better position than his assignor.

For the reasons stated above this motion for summary judgment is denied. Order signed.