DAVID KEUSCH, Appellant, *v.* JAMES MORRISON and Another, Respondents.

First Department, February 2, 1934.

*Isidor E. Schlesinger* of counsel [*Leon Singer* with him on the brief; *Schlesinger & Krinsky*, attorneys], for the appellant.

*Brison Howie* of counsel [*Cardozo & Nathan*, attorneys], for the respondent James Morrison.

*Alexander M. Grean, Jr.*, of counsel [*Sullivan & Cromwell*, attorneys], for the respondent United Irving Corporation.

TOWNLEY, J. This action is brought by the assignee of a tenant's interest in certain security deposited under a lease for the accrued interest or income on that security.

The facts are not disputed. It is conceded that the lease provides for the payment of the interest earned annually on the securities which were deposited by the tenant at the time the lease was made on January 15, 1920. The specific clause provides as follows: " The lessee shall deposit with the lessor U. S. Liberty Bonds of the par value of $10,000 as security for the faithful performance of all the terms, covenants and conditions on his part to be per-

formed contained in this indenture of lease and may substitute therefor from time to time any other bonds or securities satisfactory to the lessor, or may in lieu thereof at any time furnish the lessor with a surety company bond in the sum of $10,000 conditioned on the faithful performance of this lease, and upon the receipt of such surety company bond all other bonds or securities shall be returned to the lessee. The lessee shall be entitled to receive any and all coupons or the interest upon the bonds which may at any time be deposited under this clause of the lease, and the lessee is hereby given a lien upon the demised premises to an amount equal to the value of the securities deposited under this clause but in no event to exceed $10,000 and the said lien is to terminate if the securities are returned or withdrawn or a surety company bond is substituted therefor."

On February 2, 1920, the lessee Bleiweiss assigned his lease and his interest in the security to Anna Leah Realty Company, Inc. The Anna Leah Realty Company, Inc., thereafter executed a mortgage of the leasehold to the Wellworth Construction Company, Inc. The Wellworth Construction Company, Inc., thereafter assigned the mortgage to the defendant United Irving Corporation. The mortgage contains no reference to the security. Sometime after the mortgage was made, the Anna Leah Realty Company, Inc., transferred to plaintiff as collateral security all its right, title and interest in and to the security deposited under the lease. After the security had been thus assigned, the United Irving Corporation brought an action in the Supreme Court, New York county, to foreclose the mortgage. Both Bleiweiss and Anna Leah Realty Company, Inc., were made parties defendant but both these defendants defaulted. The complaint in the foreclosure action did not refer to the security and contained no prayer that the security should be sold under the foreclosure. The judgment in the action, however, did direct the sale of the security deposited under the lease. The United Irving Corporation purchased the property at the sale and the referee executed and delivered to the defendant an assignment of the lease and security.

Defendant Morrison admits that he has collected the interest earned on the security between August 1, 1928, and September 1, 1931, but claims that it is the property of the purchaser at foreclosure. The plaintiff contends that the mortgage did not cover the security; that the foreclosure action raised no issue with respect thereto; that the judgment and referee's deed are void in so far as they purport to dispose of the security; that plaintiff as a matter of law is the owner of the security by virtue of his assignment, and

that he is entitled to judgment against the defendant James Morrison for the full amount of the income earned by the security.

The court at Special Term in construing section 272 of the Real Property Law held that the security was transferred to the mortgagee by operation of law. (145 Misc. 740.) The section in question reads as follows:

"§ 272. Construction of grant of appurtenances, and all of the rights and estate of the mortgagor. In any mortgage on a lease of real property the words 'together with the appurtenances and all the estate and rights of the part... of the first part of, in and to said premises under and by virtue of the aforesaid indenture of lease,' must be construed as meaning, together with all and singular the edifices, buildings, rights, members, privileges and appurtenances thereunto belonging or in any-wise appertaining; and also all the estate, right, title, interest, term of years yet to come and unexpired, property, possession, claim and demand whatsoever, as well in law as in equity, of the said mortgagor or obligor, of, in and to the said demised premises, and every part and parcel thereof, with the appurtenances; and also the said indenture of lease, and the renewal therein provided for, and every clause, article and condition therein expressed and contained."

There is very little to add to the excellent opinion of Mr. Justice NOONAN at Special Term. The substantial claim made by the appellant is that regardless of the statute, the mortgagee of the lease gets no greater rights under the mortgage than the assignee under an absolute assignment would get to the security and that it is the law of this State that such an assignee gets no title to the security. (*Shattuck* v. *Buek*, 158 App. Div. 709.)

There is a substantial difference, however, between the purpose sought to be accomplished by an ordinary assignment of a lease and that sought to be accomplished by a mortgage thereof. In the one instance the purpose of the transaction is to transfer the tenancy and right of possession and in the other the purpose is to transfer all beneficial interest of the tenant under the lease as security for the payment of the mortgage debt. In the case of an assignment, the transfer of the security is not a necessary incident to the enjoyment of the tenancy transferred. In the case of a mortgage, the transfer of the security is presumptively necessary in order to give the mortgagee full security for the money advanced. The Legislature has recognized this necessity and has provided in section 272 (*supra*) that the use of the statutory terms in the mortgage of a leasehold shall be construed as passing each and every claim and demand under the lease and every clause, article and condition therein expressed and contained. In the absence of an

actual mention of the word " security," it is hard to see how more inclusive language could be used. It may be added that by the express terms of the lease under consideration here, the original lessee was given a lien upon the land as security for the proper application of the $10,000 deposit. This lien doubtless passed under the mortgage. But such lien is merely incidental to the mortgagor's right in the security and the dominant right to which the lien is incidental must, therefore, have been transferred. Accordingly, the subsequent assignment of the interest in the deposit was subject to the mortgagee's recorded vested interest and the plaintiff must be deemed to have taken with notice of the defect in the assignor's title and subject to it.

It is unnecessary to consider the judgment of foreclosure in so far as it purported to dispose of the deposit. The plaintiff was not a party thereto and of course was not bound by the judgment. (1 Freeman Judg. [5th ed.] § 440; *Vose* v. *Morton*, 4 Cush. 27; *Brainard* v. *Cooper*, 10 N. Y. 356.)

The determination of the Appellate Term should be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., MERRELL and GLENNON, JJ., concur.

Determination affirmed, with twenty dollars costs and disbursements.