EASTERN OFFICES, INC. *vs.* P. F. O'KEEFE ADVERTISING AGENCY, INC.

Suffolk.   November 15, 1933. — January 2, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant,* Termination of lease.   *Evidence,* Judicial notice, Foreign law.

Under G. L. (Ter. Ed.) c. 233, § 70, the attention of a trial judge may be directed to the law of another jurisdiction by oral testimony of a qualified witness as well as by the citation of statutes and decisions.

While this court are not required by G. L. (Ter. Ed.) c. 233, § 70, to examine decisions and statutes of another jurisdiction not presented to them or to the trial judge, they are not precluded from doing so.

Where it appeared that, during the term of a lease of real estate in New York, the lessor procured the issuance in that State of a "precept in summary process, for nonpayment of rent," requiring the lessee to vacate the leased premises or to show cause why possession of those premises should not be awarded and delivered to the lessor; that, before the return day of such process, the lessee agreed to make certain payments, and the proceeding was settled by the parties accordingly and was terminated by appropriate notations on the court records on the return day; and that shortly thereafter the lessee vacated the premises, it was *held,* that in the circumstances and under the law of New York, a finding was warranted that the acts of the parties were not the equivalent of an express agreement to terminate the lease and did not effect a surrender thereof.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated June 22, 1932.

The action was heard in the Municipal Court by *Zottoli,*

J.  Material evidence is described in the opinion.  The judge found for the plaintiff in the sum of $2,458.91, and reported the action to the Appellate Division.  The report was ordered dismissed.  The defendant appealed.

*A. L. Hyland*, for the defendant.

*K. B. Bond*, for the plaintiff.

DONAHUE, J.  The plaintiff leased to the defendant space in an office building in New York City for a term of two years and five months beginning December 1, 1929, and ending April 30, 1932.  The lease fixed the rent at $275 a month and contained a provision that the defendant should also pay for electric current and lamps furnished by the plaintiff.  The defendant became in arrears in the payment of rent in July, 1931.  On September 15, 1931, the plaintiff caused to be issued against the defendant from the Municipal Court of the City of New York a "precept in summary process, for nonpayment of rent," returnable September 22, in terms requiring the defendant to vacate the premises occupied by it or show cause why possession of those premises should not be awarded and delivered to the plaintiff.  The precept was served on the defendant on September 16 and a day or two thereafter the defendant's attorney talked with attorneys for the plaintiff.  He requested that the precept be withdrawn because the proceedings to dispossess would be harmful to the defendant's business and made an offer on behalf of the defendant to pay at that time $425 on account of the rent then due, and during the following month to pay the balance of the arrears in rent and the sum of $25 as counsel fees.  This offer was accepted and a written stipulation was signed which stated that the pending proceeding in the Municipal Court of the City of New York was settled on those terms.  The stipulation was drawn by the attorney of the defendant and sent to the plaintiff's attorneys in a letter dated September 18, together with a check for $425 which paid the rent in full up to August 1 and $150 on account of the August rent.  A postscript to that letter stated that "On account of the business depression" the defendant had "decided to close the office and will vacate the premises by September 30,

1931 which I trust will meet with your approval." There was no evidence that the plaintiff ever accepted or approved of this proposal. On the return day of the precept, September 22, the action was marked "settled" on the docket of the court and the notation "Settled, Sept. 22/31" was indorsed on the precept. On September 23 or 24 the defendant's attorney notified the plaintiff that his client would not thereafter pay more than $200 a month as rent and was informed by the plaintiff that this would not be satisfactory. The defendant vacated the premises on September 30, 1931, and they remained unoccupied for the balance of the term stated in the lease.

The plaintiff under the first count in its declaration seeks to recover the balance of the rent for the month of August, 1931, and rent for the remainder of the term of the lease. The second count is for the price of electric current and lamps furnished by the plaintiff, and by the third count the plaintiff seeks the recovery of the sum of $25 which by the written stipulation of September 18 it was agreed would be paid by the defendant. The defendant's answer among other things alleged in substance that on September 15, 1931, a writ issued from the Municipal Court of the City of New York requiring the defendant forthwith to vacate the premises, that the action was later settled and that the vacation of the premises by the defendant in accordance with the writ was agreed to by the plaintiff. The present action was tried before a judge of the Municipal Court of the City of Boston who found for the plaintiff and reported the case on his rulings and refusals to rule to the Appellate Division where an order was entered dismissing the report.

The substantial issue is whether the removal of the defendant from the demised premises on September 30 wrought a termination of the lease and of the defendant's obligation to pay rent thereafter in accordance with its terms. The trial judge properly ruled as requested by the defendant that the rights of the parties were to be determined in accordance with the law of the State of New York. *Clark* v. *State Street Trust Co.* 270 Mass. 140, 150. The report of the

trial judge states that "Various decisions of the New York courts were called to the court's attention during argument, among which are the cases cited by the defendant in its requests for rulings." The defendant in those requests cited § 1434 of the New York Civil Practice Act and *Cornwell* v. *Sanford*, 222 N. Y. 248, and *Jacob Hoffmann Brewing Co.* v. *Wuttge*, 234 N. Y. 469. The report does not name the other New York cases which were called to the trial judge's attention at the time of argument. A New York lawyer, apparently without objection, testified orally as to pertinent New York law. The attention of a trial judge may be directed to the law of another jurisdiction by oral testimony of a qualified witness as well as by the citation of statutes and decisions. *Universal Adjustment Corp.* v. *Midland Bank, Ltd., of London*, 281 Mass. 303, 317. *Gorrasi* v. *Manzella*, 287 Mass. 165, 168. G. L. (Ter. Ed.) c. 233, § 70.

It appearing that New York law pertinent to the matter in controversy was called to the attention of the trial judge and that he considered the law of that State and applied it to the facts found by him, this court in reviewing his rulings on requests made by the defendant will likewise consider pertinent law of that jurisdiction. G. L. (Ter. Ed.) c. 233, § 70. *Richards* v. *Richards*, 270 Mass. 113, 119. While we are not required to examine decisions or statutes of New York not called to the attention of the trial judge or to our attention, *Dadmun* v. *Dadmun*, 279 Mass. 217, 220, we are not precluded from considering other decisions or statutes of that State. G. L. (Ter. Ed.) c. 233, § 70. *Richards* v. *Richards*, 270 Mass. 113. *Universal Adjustment Corp.* v. *Midland Bank, Ltd., of London*, 281 Mass. 303, 327. See also *Hanson* v. *Hanson*, 287 Mass. 154, 157; *Bay State Wholesale Drug Co.* v. *Whitman*, 280 Mass. 188, 193; *Atlantic Transportation Co. Inc.* v. *Alexander Shipping Co. Inc.* 261 Mass. 1, 8.

It is the defendant's contention that, under the law of New York, its removal from the demised premises on September 30 cancelled the lease and terminated its obligation to pay rent thereafter. As to the law of that State the de-

fendant relies wholly on the opinions in *Cornwell* v. *Sanford*, 222 N. Y. 248, and *Jacob Hoffmann Brewing Co.* v. *Wuttge*, 234 N. Y. 469. In each of those cases and in all the cases therein cited on the point in issue the tenants moved out while summary proceedings for their removal were pending in court. In the present case, after the issuance of the precept and its service on the tenant the summary proceedings against the present defendant were terminated by agreement of the parties before the premises were vacated by the defendant.

The precept issued in summary proceedings brought under the New York statute, by a landlord to dispossess a tenant, in terms requires the tenant "forthwith to remove from the property . . . or to show cause" at a stated time in the court issuing the precept "why possession of the property should not be delivered to the petitioner . . . ." New York Civil Practice Act, § 1418. Summary proceedings may by their own force and operation effect a cancellation of a lease and the annulment of the relation of landlord and tenant, but only upon the issuance of a warrant and not merely from the issuing and serving of the precept or even from the entry of a final order by the court. New York Civil Practice Act, § 1434. *Swerdlow* v. *Harrow*, 213 App. Div. (N. Y.) 521. *Hinton* v. *Bogart*, 166 App. Div. (N. Y.) 155. *People* v. *Fagan*, 194 App. Div. (N. Y.) 185. *Mann* v. *Ferdinand Munch Brewery*, 225 N. Y. 189.

The precept issued in such proceedings manifests the desire of the landlord that the tenant should remove from the premises occupied by him. It is settled by New York decisions that when a tenant voluntarily complies with such desire of his landlord expressed in the precept issued in pending summary proceedings, by moving out, thus giving to the landlord the possession which he is seeking through legal process, the lease is thereby cancelled and the relation of landlord and tenant annulled. *Cornwell* v. *Sanford*, 222 N. Y. 248, 252, 253, and cases cited. *Jacob Hoffmann Brewing Co.* v. *Wuttge*, 234 N. Y. 469. The defendant here seeks to have that principle applied to a case where the summary proceedings were terminated by agreement of the

parties before the removal of the tenant and the precept was no longer operative or expressive of the landlord's desire. We think that the cases relied on by the defendant cannot reasonably be thus interpreted and that, from all the statutes and decisions of New York which have come to our attention, the law of that State is not in accordance with the defendant's contention.

What is said in *Cornwell* v. *Sanford*, 222 N. Y. 248, on which case the defendant places great reliance, has reference to the rights of a tenant who, after the service upon him of a precept issued in summary proceedings which are still pending, vacates the premises and yields possession to the landlord. The reasoning of that decision and of the cases therein cited requires that the declaration or expression of the landlord's desire that the tenant vacate be found in a precept which has vitality at the time of the tenant's removal in order that a cancellation of a lease be thereby effected. A precept which has been rendered inoperative because of the termination of the summary proceedings by stipulation of the parties affords no basis of words or conduct of the landlord which can be accepted by the act of the defendant in vacating the premises so that a termination of the relationship of landlord and tenant results. Under the New York decisions a lease may be terminated not only by an express agreement of the parties but, as well, by any acts which are equivalent to an agreement on the part of the tenant to abandon the premises and on the part of the landlord to resume possession. When such agreement or its equivalent is found there is a surrender by operation of law. So long as the summary proceedings are pending the precept expresses a continuing demand for possession by the landlord. Upon the tenant's compliance with that demand by yielding possession a termination of the lease has been effected. If, however, the summary proceedings are withdrawn or settled, the demand of the landlord for possession has ceased. If, in such circumstances, the tenant vacates, there is not the equivalent of an agreement to terminate the lease and the tenant's act of removal does not produce that result. *Boehm* v. *Rich*, 13 Daly, 62. *Ash* v. *Purnell*, 16

Daly, 189. *Gallagher* v. *Reilly,* 16 Daly, 227. *Baldwin* v. *Thibadeau,* 28 Abb. N. C. 14.

The findings of the trial judge that the defendant did not move from the premises because of, or in obedience to, the issuance and service of the precept and that there was no termination of the lease by agreement or equivalent act of the parties, and his finding for the plaintiff, had support on the record and cannot now be disturbed. He correctly interpreted the law of New York and applied it to the facts found. What has hitherto been said makes it unnecessary to consider in detail his rulings on requests filed by the defendant. We find in those rulings no error.

*Order dismissing report affirmed.*