JOHN T. WALKER, JUNIOR, *vs.* WILLIAM LLOYD.

Franklin.    September 16, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Conflict of Laws.    Evidence,* Foreign law, Judicial notice.    *Negligence,* Passenger, Guest, Invited person, Imputed.    *Passenger.*

Whether there is a cause of action for personal injuries sustained in another State is determined by the law of that State.

Under G. L. (Ter. Ed.) c. 233, § 70, this court took judicial notice of the statute of another State as construed by its courts, although it had not been called to the attention of the trial court.

In an action for personal injuries sustained in Vermont, an exception by the defendant to the denial of his motion that a verdict be ordered in his favor was sustained on the ground that under a Vermont statute and a Vermont decision, not called to the attention of the trial court, the plaintiff was not entitled to recover.

TORT.    Writ in the Superior Court, dated March 29, 1934.

The action was tried before *Leary,* J.    A motion by the defendant that a verdict be ordered in his favor was denied. There was a verdict for the plaintiff in the sum of $2,700. The only exception alleged by the defendant was to the denial of his motion.

The bill of exceptions stated in substance that it contained all the evidence material to the questions raised by it.    There was nowhere therein mention of the law of the State of Vermont.

*C. Fairhurst,* for the defendant.

*C. E. Rowe,* for the plaintiff.

PIERCE, J.    This is an action of tort to recover damages for personal injuries sustained by the plaintiff, who is a

minor suing by his next friend, arising out of an automobile accident which occurred on December 1, 1933, at about 1:45 A.M. on Main Street in Brattleboro, Vermont. The plaintiff and the defendant at the time of the accident were residents of Orange, Massachusetts. The defendant was the owner of the automobile but was not a licensed operator. The plaintiff was a licensed operator. The plaintiff's declaration contained two counts, the first for gross negligence, which was waived during the trial; the second was for ordinary negligence. The answer was a general denial and an allegation of contributory negligence. The defendant's motion for a directed verdict was denied by the judge and the defendant duly excepted. The jury found for the plaintiff on the second count and assessed damages. The case is before this court on the defendant's exception to the judge's refusal to direct a verdict for the defendant.

The evidence most favorable to the plaintiff would warrant the jury in finding the following facts: The plaintiff had been out with the defendant before the accident, letting the defendant drive on the plaintiff's license. On November 30, 1933, the defendant called the plaintiff by telephone and asked him if he would go up to Brattleboro, Vermont, with him while the defendant played at a dance, adding that he would like to have the plaintiff take tickets. No mention was made to the plaintiff that he was to be paid for going on the trip or for taking tickets. There was no discussion as to who was going to drive. The defendant got in behind the wheel and drove on the plaintiff's license. The plaintiff sat beside him on the front seat with one Cross. The plaintiff took tickets both upstairs and downstairs at the dance hall in Brattleboro. At about 1 A.M. the defendant, the plaintiff and two friends, Cross and Anderson, started back to Orange. The defendant was driving, with the plaintiff beside him and Anderson beside the plaintiff on the front seat; Cross sat in the rear with the musical instruments. It was raining as the defendant's automobile started down the main street in Brattleboro. As the automobile got into high speed the plaintiff spoke to the defendant telling him "to be careful in there on that

Main Street." The automobile proceeded at about twenty-five miles an hour in the center of the street toward an intersection of streets one hundred feet away. When it was about eighteen feet away from the intersection the plaintiff observed that the defendant was heading his automobile toward a lighted beacon at the intersection of streets, and hollered to him to "look out." Continuing at the same speed, the defendant swerved his automobile but it struck the beacon, throwing the plaintiff forward and causing his head to strike the windshield, which broke into pieces inflicting cuts on the plaintiff's forehead and nose. The beacon consisted of a cement base, approximately two feet by two feet, on which was a standard six to eight feet in height with a constant light on top.

The defendant testified in part that he was nineteen years old, and a musician; that he led an orchestra which was composed of boys who lived around Athol and Orange; that he owned the automobile in question; that it was registered in his name; that he had no license; that he had a problem of how to convey the band to places where they had engagements without having a license to operate his automobile; that he knew the plaintiff and knew that he had a license, and "asked him to come along on these trips at some time previous to the accident so . . . [the defendant] could operate on . . . [the plaintiff's] license and have the benefit of his license"; that "The extent of the payment mostly was that . . . [the plaintiff] enjoyed dancing, and . . . [the defendant] got him into the dances of course"; and that "at this time there was a question of payment" but "So far as . . . [the defendant knew] he [the plaintiff] received not one cent in pocket . . . no compensation of any sort" for making the trip. He further testified that he had arranged with one Kirk, when he was figuring out the expenses of the dance, that they would pay the plaintiff one dollar and pay Cross one dollar for taking tickets. The defendant also testified: "I was just shifting into high and I just got one glimpse of it before I could do anything, I don't know just what I did do, I hit it the same instant , . , I didn't see the light on the

dummy at any time before I hit it. . . . After the accident when I looked it over I said the light on the dummy gave the appearance of being suspended from above and I had that impression and was trying to go under that light but did not see it before the accident."

The cause of action arose in the State of Vermont and the rights of the parties are to be determined by the laws of that State. The laws of Vermont do not appear by the record to have been brought to the attention of the court below; consequently, in that court, the case was decided by the common law of this Commonwealth. *Seemann* v. *Eneix,* 272 Mass. 189, 194. The attention of this court, however, is directed to G. L. (Ter. Ed.) c. 233, § 70, which reads: "The courts shall take judicial notice of the law of the United States or of any state, territory or dependency thereof or of a foreign country whenever the same shall be material." *Seemann* v. *Eneix,* 272 Mass. 189, 194. *Lennon* v. *Cohen,* 264 Mass. 414, 421. *Hanson* v. *Hanson,* 287 Mass. 154, 157. *Bergeron* v. *Bergeron,* 287 Mass. 524, 527. The fact that certain pertinent statutes of Vermont were not brought to the attention of the trial judge does not preclude this court from considering decisions and statutes of that State which are brought to the attention of this court. *Eastern Offices, Inc.* v. *P. F. O'Keefe Advertising Agency, Inc.* 289 Mass. 23, 26. *Portland Maine Publishing Co.* v. *Eastern Tractors Co. Inc.* 289 Mass. 13, 18, 19. The defendant in his brief states that the Legislature of Vermont has defined in the Public Laws of Vermont (1933), § 5113, the situation under which an occupant of an automobile may recover for injuries received from the operation thereof. The statute referred to reads as follows: "The owner or operator of a motor vehicle shall not be liable in damages for injuries received by any occupant of the same occasioned by reason of the operation of such vehicle unless such owner or operator has received or contracted to receive pay for the carriage of such occupant, or unless such injuries are caused by the gross or wilful negligence of the operator." That part of the statute quoted which relates to "gross or wilful negligence" may be disregarded as the count in the

plaintiff's declaration charging the defendant with gross negligence was waived by the plaintiff at the trial. To recover under the Vermont statute for ordinary negligence the plaintiff was bound to allege and prove that the defendant, who was both owner and operator of the motor vehicle, had received, or contracted with the plaintiff or others in behalf of the plaintiff to receive, "pay" for the carriage of the plaintiff from Orange, Massachusetts, to Brattleboro, Vermont, and return. The Supreme Court of Vermont, in construing the word "pay" in the quoted statute, has said: "It appears from the express terms of our guest statute, P. L. 5113, that it was the intent of the Legislature . . . that such owner or operator shall not be liable in damages for injuries sustained by an occupant of the automobile, caused by the ordinary negligence of the operator, unless such owner or operator has received or contracted to receive pay for the carriage of such occupant, or, in other words, unless such occupant is a passenger for hire." *Shappy* v. *McGarry*, 106 Vt. 466, 470. In view of this construction of the statute it would seem on the evidence that the plaintiff did not pay or expect to pay for his transportation, and that the defendant did not receive or contract with the plaintiff or others to receive pay for the carriage of the plaintiff. In a word, under the quoted statute the plaintiff was not a "passenger for hire," and his right to recover in the pending action depended upon his ability to satisfy the jury that the defendant was guilty of "gross or wilful negligence."

Under the law of Vermont the plaintiff was not entitled to recover for the ordinary negligence of the defendant. We think the exceptions must be sustained and the case stand for further hearing.

*Exceptions sustained.*