## McDONALD v. RUGGIERO.

(Supreme Court, Appellate Division, Second Department.   April 21, 1911.)

ESTOPPEL (§ 68\*)—INCONSISTENT POSITION IN JUDICIAL PROCEEDINGS—ACTION FOR RENT—DEFENSES.

A tenant may not, after defeating as premature and invalid a precept requiring him to remove from the premises and surrender the same to the landlord, and remaining in possession, invoke such precept as valid, when sued for rent for his continuous enjoyment under the lease.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. § 68.\*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Margaret McDonald against Frank Ruggiero. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

See, also, 136 App. Div. 699, 121 N. Y. Supp. 417.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Walter E. Warner, for appellant.
Edgar R. Mead, for respondent.

THOMAS, J. On March 9, 1908, plaintiff, by written lease, let to defendant a store for a term commencing April 1, 1908 and ending December 31, 1909, at the rent of $650, to be paid as follows: $150 at the time of the execution of the lease, $75 on June 15 and July 5, 1908, $150 on April 1, and on June 15 and July 5, 1909, $100. And the lease also provided that the lessee should pay the water rent on or before August 1st, "and, if not paid, the same shall be added to the rent then due or to become due."

The action was brought to recover the rent due April 1, 1908, and the sum of $11 water rent due, but not paid by the lessee. The answer denied that the rent was strictly due and payable on April 1, 1909, and alleged that on such date plaintiff duly commenced proceedings against defendant to recover from him the possession of the premises, wherein he obtained a precept requiring defendant to remove from the premises and surrender the same to plaintiff, or to show cause why the possession of the premises should not be delivered to the landlord, and that by reason of such proceedings a precept was served upon defendant, he was forced and required to deliver the premises and the keys thereof to plaintiff, and that plaintiff accepted the same. The precept, issued April 1, and served on defendant April 2, 1909, was returnable on April 5th. On the precept is indorsed a recital of the tenant's appearance and answer. The final order was made April 7th, dismissing the precept. The precept also shows an obliteration by ink over the name of the justice, and it appears in the case at bar by the evidence of the clerk that the justice did at the outset mark "L" opposite the proceeding on the calendar, which indicated that the decision was in favor of the landlord, and that he did sign the precept in such form as to give the landlord the possession, but that, his attention having been called by the clerk to the fact that the precept was prematurely issued, he erased his signature and dismissed the precept. Defendant testified that he first learned of the changed decision of the justice at the time of the second trial of the action at bar; that he started to move out the night that he filed his answer in proceedings to dispossess him; that he attended court and told the justice that he would move; that he moved after the judge decided on April 7th that he would have to move; and that he finished moving about April 11th.

Notwithstanding this evidence of informal conversation between the justice and the defendant, the record shows that the defendant, in the proceedings to dispossess him, filed an answer denying the allegations of the petition, that he recovered judgment dismissing the landlord's petition, and that he continued in the premises under a claim of right under the lease until he was ready to move on the 11th. Now this very precept, which at the instance of defendant was found to be premature and a nullity, is invoked for the purpose of establishing a surrender and acceptance of the lease; that is, it is urged that defendant may defeat the precept as invalid, and remain in possession of the premises under the lease, and invoke it as valid when sued for the rent for his continuous enjoyment under the lease. This court can rely, not upon some conversation which a suitor states he had with the justice presiding at court, but rather upon the records of the court itself that have been formally made at the instance of such suitor. Upon the record presented plaintiff is entitled to recover the installment of rent due April 1st, together with the water taxes due in August.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.