WILLIAM CORNWELL, Respondent, *v.* THOMAS F. SAN-
FORD, Appellant.

Landlord and tenant — summary proceedings — lease not
canceled by issuance of the precept or the making of the
final order — when removal by tenant from demised premises
before the service of the warrant cancels the lease — land-
lord cannot recover in action for rent accruing after such
removal — that tenant did not plead such a removal in action
for rent accruing prior thereto does not bar such defense as
to rent thereafter accruing.

1. A lease is not canceled by the issuance in summary proceedings
of the precept or the making of the final order. Section 2253 of the
Code of Civil Procedure is inoperative and inapplicable where the
warrant was not issued.

2. The moving by the tenant from the leased premises, enabling
thereby the landlord to take peaceable possession of them, after the
issuance and service of the precept in summary proceedings, cancels
the lease and annuls the relation of landlord and tenant as of the
time of the removal. It is immaterial, within the law, whether
the removal is produced through the warrant or the conduct of the
tenant in obedience to the precept.

3. The plaintiff herein having instituted summary proceedings
against defendant, obtained a final order awarding him possession of
the premises. No warrant was issued but defendant thereafter vacated
the premises before a further payment of rent became due. In the
meantime plaintiff brought an action for rent then due and obtained
a judgment therefor. This action is brought to recover rent plain-
tiff claims to have become due subsequently under the terms of the
lease. The defendant asserts as a defense that the summary pro-
ceedings and the removal of the tenant pursuant to the final order
canceled the lease and the obligation to pay the rent. The plain-
tiff insists that the judgment in the former action is *res adjudicata*
of the inadmissibility and insufficiency of such defense. *Held,* that
under the facts the judgment was not *res adjudicata* and that by
virtue of the issuance of the precept the right to remove from the
premises and effect the cancellation came to the defendant, and such
right was not subject to a waiver on the part of the plaintiff of his
determination to cancel the lease. The defendant did not waive

it by raising and litigating the issue as to whether or not the lease was canceled when he removed from the premises. (*Cornwell* v. *Sanford,* 208 N. Y. 126, distinguished.)

*Cornwell* v. *Sanford,* 167 App. Div. 182, reversed.

(Argued December 3, 1917; decided January 8, 1918.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 30, 1915, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Parton Swift* and *Ralph S. Kent* for appellant. When the defendant surrendered possession of the premises to the plaintiff on the 15th day of July, 1906, in compliance with the final order in the summary proceedings, the lease was canceled, and the relationship of landlord and tenant no longer existed, and the plaintiff is not entitled to recover in this action rent due under the lease after its cancellation. (*Ash* v. *Purnell,* 32 N. Y. S. R. 306; *Righlander* v. *Niles Tobacco Co.,* 21 Misc. Rep. 339; *Newcombe* v. *Eagleton,* 19 Misc. Rep. 603; *Gallagher* v. *Reilly,* 31 N. Y. S. R. 556; *Baldwin* v. *Thibadeau,* 43 N. Y. S. R. 157; *Boehm* v. *Rich,* 13 Daly, 62; *Hoffert* v. *Dutton,* 74 Misc. Rep. 433; *Fifth Ave. Investment Co.* v. *Realty Co.,* 75 Misc. Rep. 651; *Griffin* v. *Keese,* 187 N. Y. 454; *Lewis* v. *O. N. & P. Co.,* 125 N. Y. 341.) The decision of the Court of Appeals in this action has no bearing upon the case as it now stands. (*Elsey* v. *Metcalf,* 1 Den. 326; *Stanton* v. *Wetherwax,* 16 Barb. 261; *Wangler* v. *Swift,* 90 N. Y. 44; *Currie* v. *Cowles,* 6 Bosw. 357; *Rogers* v. *Murray,* 3 Bosw. 357; *Citizens Bank* v. *Rung Furniture Co.,* 76 App. Div. 471.)

*August Becker* and *Elmer S. Stengel,* for respondent. The decision of this court upon the former appeal is

determinative of the issues involved and is decisive of
this case in favor of the plaintiff upon the evidence now
before the court. (*Cornwell* v. *Sanford*, 208 N. Y. 126.)
The judgment of the Municipal Court in the action for
rent is *res adjudicata* of the fact that the lease was not
terminated by the summary proceeding or .the abandon-
ment of the premises by the defendant. (*Pray* v. *Hege-
man*, 98 N. Y. 351; *Reich* v. *Cochran*, 151 N. Y. 122;
*Lorillard* v. *Clyde*, 122 N. Y. 47; *Zerega* v. *Will*, 34 App.
Div. 488; *Phipps* v. *Oprandy*, 69 App. Div. 497; *Townsend*
v. *Read*, 13 Daly, 198; *Hawkins* v. *Ringler & Co.*, 47
App. Div. 262; *O'Connor* v. *Byrne*, 86 App. Div. 627;
*Von der Born* v. *Schultz*, 111 App. Div. 263; *Ferris* v.
*Tannebaum*, 39 N. Y. S. R. 71.) If the lease was can-
celed by the summary proceedings, no rent was recover-
able under the lease for the month of July. (*Michaels*
v. *Fishel*, 169 N. Y. 381; *Rainier Co.* v. *Smith*, 65 Misc.
Rep. 560; *Berg* v. *Kaiser*, 137 App. Div. 1; *McDonald*
v. *Ruggiero*, 136 App. Div. 699.) The commencement
of the action for rent in the Municipal Court of Buffalo,
after the final order in the summary proceeding, was
an affirmance of the lease by the plaintiff, and nullified
the summary proceeding. (*Voorhies* v. *Cummings*, 42
App. Div. 260; *Paddell* v. *Janes*, 84 Misc. Rep. 212;
*Hinton* v. *Bogart*, 78 Misc. Rep. 46; *Murray* v. *Harway*,
56 N. Y. 337; *Conger* v. *Duryee*, 90 N. Y. 594; *Conrow*
v. *Little*, 115 N. Y. 387; *Dembitz* v. *O. C. Traction Co.*,
147 App. Div. 588.)

COLLIN, J. The action is to recover moneys alleged
to be owing by the defendant as rent for real estate.
The justice at Trial Term directed a verdict in favor of·
the plaintiff and the Appellate Division has affirmed the
judgment consequent thereon.

The cardinal facts are: In May, 1902, the plaintiff as
landlord and the defendant as tenant entered into a written

lease of the premises to end May 1, 1907. It provided that the annual rent should be paid monthly in advance. On June 23, 1906, the plaintiff instituted, in the Municipal Court of Buffalo, summary proceedings for the removal of the defendant and his under-tenants from the premises for a default in payment of rent, pursuant to the provisions of the Code of Civil Procedure. (Sections 2231–2265.) On that date the precept requiring the defendant to forthwith remove from the premises or show cause on a named date why possession of the premises should not be delivered to the plaintiff was issued and served. On July 6, 1906, the final order awarding to the plaintiff the delivery of the possession of the premises was made. The warrant commanding an officer to remove the defendant from and to put the plaintiff in possession of the premises was not issued, and no further action in the proceedings was had. On July 15, 1906, the defendant removed from the premises and sent the keys to the agent of the plaintiff.

On July 12, 1906, or three days before the defendant removed from the premises, the plaintiff commenced in the Municipal Court of the city of Buffalo an action against the defendant to recover, under the lease, the rent for the month of July, 1906 (and for prior months). The action proceeded, through the steps of a demurrer to the complaint, its overruling, a judgment by default against defendant, its reopening, the filing of an answer and a trial, to a judgment of September 1, 1906, against defendant for the rent sued for. The action at bar, commenced May 4, 1907, is to recover, under the lease, the rent for the months from August, 1906, to April, 1907, inclusive. The defendant asserts as a defense that the summary proceedings and his removal of July 15, 1906, pursuant to the final order, canceled the lease and the obligation to pay the rent. The plaintiff asserts that the judgment in the action, commenced July 12, 1906,

is *res adjudicata* of the inadmissibility and insufficiency of such defense.

The lease was not canceled by the issuance in the summary proceedings of the precept or the making of the final order. Section 2253 of the Code of Civil Procedure is: " The issuing of a warrant, for the removal of a tenant from demised premises, cancels the agreement for the use of the premises, if any, under which the person removed held them; and annuls accordingly the relation of landlord and tenant, except that it does not prevent a landlord from recovering, by action, any sum of money, which was, at the time when the precept was issued, payable by the terms of the agreement, as rent for the premises; or the reasonable value of the use and occupation thereof, to the time when the warrant was issued, for any period of time, with respect to which the agreement does not make any special provision for payment of rent." The section is inoperative and inapplicable here because the warrant was not issued. The summary proceedings were not carried beyond the making of the final order. The lease, therefore, was in force and obligatory upon the parties on July 12, 1906, that is, at the commencement of the action for the rent up to August 1, 1906. On July 12 the defendant was liable for the rent for the month of July, 1906, because, under the lease still in force, it was to be paid monthly in advance. On the fifteenth day of July, 1906, however, the lease was canceled by the removal of the defendant from and the delivery of the possession of the premises to the plaintiff. The cancellation was not effected by any statute, but was the legitimate and inherent effect of instituting and conducting to the making of the final order the summary proceedings, and the removal on the part of the defendant. Judicial decisions have uniformly held that the moving by the tenant from the leased premises, enabling thereby the landlord to take peaceable possession of them, after

the issuance and service of the precept in the summary proceedings, cancels the lease and annuls the relation of landlord and tenant as of the time o the removal; the service of the precept is an election and declaration on the part of the landlord that the tenant should remove from the premises and that the lease should be canceled; it creates to the tenant the right to remove from the premises and effect the cancellation of the lease at any time thereafter; the removal is the precise act and effect the landlord sought through the service of the precept and the proceeding, and it is entirely immaterial, within the law, whether it is produced through the warrant or the conduct of the tenant in obedience to the precept. (*Riglander* v. *Nile Tobacco Works*, 21 Misc. Rep. 339; *Ash* v. *Purnell*, 16 Daly, 189; *Fifth Ave. In. & Im. Co.* v. *Bounsignore R. Co.*, 75 Misc. Rep. 651; *Gallagher* v. *Reilly*, 31 N. Y. S. R. 556; *Boehm* v. *Rich*, 13 Daly, 62; *Baldwin* v. *Thibadeau*, 28 Abb. [N. C.] 14.) We approve of those conclusions. By virtue of them, the plaintiff was not entitled to recover in this or any action, under the facts of the record here, any rent for the months subsequent to July, 1906, unless the defendant was estopped by the judgment for the July rent from invoking as a defense the summary proceedings and his removal pursuant to them, or, in other words, unless the judgment is *res adjudicata* of the existence of the lease after July 15 and on August 1. We conclude it was not. Whether or not the lease was canceled by the summary proceedings and the removal of the defendant was not within the issues created by the pleadings in the action in which the judgment for the July rent was recovered. There was not in the answer therein allegation nor was there evidence upon the trial thereof of the summary proceedings or the issuance of the precept or the removal of the defendant pursuant to it. The issue raised and tried in that action was whether or not on June 15, 1906, the plaintiff by agreement took

and the defendant surrendered possession of the premises. It is certain and manifest that there was not a direct and actual adjudication that the lease existed after July 15 and on August 1. Nor does the judgment in that action estop the defendant from alleging and proving in this action the cancellation of the lease on July 15, by virtue of the summary proceedings and his removal, upon the ground that he was bound to have alleged it as a defense in the former action. A defendant is not bound and without leave of the court has not the right to interpose in an action at law a defense, partial or complete, which came into existence subsequent to the commencement of the action. It is a general rule that in an action of a legal nature the rights of the parties must be .determined as they existed at its commencement. (*Miles* v. *Casualty Co. of America,* 203 N. Y. 453, 458; *Jemison* v. *Bell Telephone Co. of Buffalo,* 186 N. Y. 493; *Wisner* v. *Ocumpaugh,* 71 N. Y. 113; *Styles* v. *Fuller,* 101 N. Y. 622.) The prior judgment was not an adjudication that the lease was not canceled on and did exist subsequent to July 15.

The plaintiff asserts and argues, however, that the plaintiff nullified the summary proceedings and waived his determination to cancel the lease by commencing the action to recover the rent for July, and, consequently, the defendant had neither the power nor right to thereafter cancel it. Therein he errs. By virtue of the issuance of the precept, the right to remove from the premises and effect the cancellation came to the defendant. Thereupon, he had the right to seek and secure a new habitation and, by removal, free himself from the obligations of the lease with the plaintiff. It would be unjust and unreasonable to hold that a tenant subjected to summary proceedings had not the right to lease new and other premises, except at the risk of liability under two leases, until the warrant commanding

his forcible dispossession was issued. The defendant had the right to accept and act upon the determination of the plaintiff declared through the service of the precept that the plaintiff would repossess himself of the property. (See *Baldwin* v. *Thibadeau,* 28 Abb. [N. C.] 14.) Such right was not subject to a repentance or waiver on the part of the plaintiff. The defendant did not waive it by raising and litigating the issue as to whether or not the lease was canceled on June 15, 1906.

Our decision upon the former appeal in this action (*Cornwell* v. *Sanford,* 208 N. Y. 126) is irrelevant to the questions now here. We there held that the judgment in the Municipal Court was conclusive of the fact that there was no surrender of the premises by the defendant, and no cancellation of the lease, in June, 1906.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, MCLAUGHLIN and CRANE, JJ., concur.

Judgment reversed, etc.