WOLF-KAHN REALTY CORPORATION, on Behalf of Itself and All Other Creditors of ECKHARDT BERMAN FURNITURE CO., INC., Respondent, *v.* HARRIS SUSSMAN and Others, Defendants, Impleaded with MORRIS BERMAN, Appellant.

First Department, March 16, 1934.

*David Michelsohn*, for the appellant.

*Meyer Levy* of counsel [*Safir & Kahn*, attorneys], for the respondent.

TOWNLEY, J. This suit is brought by the plaintiff on behalf of itself and all other creditors to set aside the transfer of property of the defendant debtors, Eckhardt Berman Furniture Co., Inc., and Morris Berman, to defendants Sussman and Eckhardt Berman Corporation. Plaintiff's status as a creditor is set up in the complaint and is based on the terms of a written lease. Under this lease Eckhardt Berman Furniture Co., Inc., and Morris Berman, the appellant, are said to owe the plaintiff $11,163.44.

In the counterclaim, on behalf of himself and as assignor of Eckhardt Berman Furniture Co., Inc., the defendant, appellant, seeks the recovery of security deposited under the said lease. A deposit of $10,000 had been made as security on which the plaintiff agreed to pay four per cent interest per annum. Of this amount $2,500 was refunded May 1, 1929. Monthly installments of rent of $1,791.67 were paid by the tenants up to and including January, 1932. For the months of February and March they paid $958.34 for each month. On March 20, 1932, the landlord brought summary proceedings alleging deficits in rent payments for February and March. A final order was made in favor of the petitioner with nine days' stay of execution. Before the nine-day period was over the tenants vacated the premises and then appealed to the Appellate Term. The Appellate Term reversed and ordered a new trial on the ground that the tenants should have been permitted to establish an executed agreement for the reduction of rents for the months of February and March. On the new trial that contention was successful and judgment on the counterclaim was granted for unpaid interest on the deposit.

The counterclaim in the present action was attacked as insufficient on a prior motion made at Special Term and at that time it was decided that the counterclaim stated a cause of action. That order was affirmed by this court. (239 App. Div. 819.)

The learned justice at Special Term who decided the present motion declared, however, that the following clause in the lease barred the counterclaim: " If the demised premises shall be abandoned or in the event of a cancellation or termination of this lease, either by operation of law, issuance of a warrant of dispossess, notice of termination as above provided, or otherwise, for any cause whatsoever, except condemnation by public authority, the lessees shall nevertheless remain liable to the lessor in a sum equal to the fixed rent and additional rent herein reserved for the balance of the term herein originally demised."

With this contention we are unable to agree. In *Cornwell* v. *Sanford* (222 N. Y. 248) the Court of Appeals held that a final order which has been procured by the landlord on insufficient grounds justifies the tenant in forthwith vacating the premises. He is not compelled to wait until a warrant is issued. The court said (at p. 252): " The cancellation was not effected by any statute, but was the legitimate and inherent effect of instituting and conducting to the making of the final order the summary proceedings, and the removal on the part of the defendant. Judicial decisions have uniformly held that the moving by the tenant from the leased premises, enabling thereby the landlord to take peaceable possession

of them, after the issuance and service of the precept in the summary proceedings, cancels the lease and annuls the relation of landlord and tenant as of the time of the removal; the service of the precept is an election and declaration on the part of the landlord that the tenant should remove from the premises and that the lease should be canceled; it creates to the tenant the right to remove from the premises and effect the cancellation of the lease at any time thereafter; the removal is the precise act and effect the landlord sought through the service of the precept and the proceeding, and it is entirely immaterial, within the law, whether it is produced through the warrant or the conduct of the tenant in obedience to the precept."

The effect of the order finally made in favor of the tenant is not to eradicate the wrongful act of the landlord and so enable it to claim full rent thereafter. The effect is on the contrary to enable the tenant to treat the wrongful act of the landlord as a complete breach and to exercise its privilege to assent to a termination of the lease. The tenant, it is true, has other options, but if it chooses to stay out of possession and treat the lease as at an end, it may do so. The survivorship clause relied upon by the landlord is of course for the benefit of the landlord only when the landlord has not caused the situation which led to the wrongful final order in its favor.

The order should be reversed, with twenty dollars costs and disbursements, and partial summary judgment should be granted as prayed for.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.