WILLIAM E. WOOLLARD, Respondent, v. SCHAFFER STORES COMPANY, INC., Appellant.

Third Department, January 10, 1940.

*Schaffer & Sevits* [*I. Maurice Wormser* and *Harry M. Schaffer* of counsel], for the appellant.

*Woollard & Morris* [*Ernest B. Morris* of counsel], for the respondent.

HILL, P. J.   Defendant has appealed from a judgment recovered by plaintiff in an action for rent of premises in the city of Albany for the period beginning July 1, 1935, ending January 12, 1936. This action is the aftermath of a prior one brought by this plaintiff in the fall of 1934 for a declaratory judgment upon an alleged violation of the terms of the lease.   Plaintiff was successful in the trial court but the judgment was reversed in the Appellate Division.   The Court of Appeals modified and affirmed that decision.   (246 App. Div. 157; 272 N. Y. 304.)

The lease was for a term commencing on September 1, 1933, and ending August 1, 1936.   The rental was $500 payable in advance on the first day of each month, and " an additional sum payable monthly within ten (10) days after the end of each month equal to one percentum (1%) of all gross sales made at, through, with or by said demised premises."   The defendant agreed to " utilize the first floor of the Pearl Street level of the demised premises as a food center or market similar to that which is now being conducted in its said other stores, during the usual business hours of every business day throughout the demised term, and any extension thereof,   *   *   *.   If said lessee shall fail for any reason to so conduct its said business in said demised premises, then it agrees to pay lessor, in lieu of the percentage of sales reserved herein, the sum of twenty-five ($25) dollars a day for each and every business day it may not for any reason conduct the said business therein."   It was provided in the lease that the lessee would not assign, let or underlet the whole or any part of the premises without the written consent of the lessor, except " the lessee is to use substantially the entire main floor for its own purposes but the

remaining parts of the building may be sublet for other lines of merchandising, subject, of course, to the one percentum (1%) of gross sales to the landlord."

Lessee, without the consent or knowledge of the lessor, leased to Jay L. Woolman two-fifths of the frontage (twelve feet) on the first floor of the building fronting on Pearl street to a depth of seventy feet. This was a part of the premises which defendant agreed to utilize as a food center or market. The Woolman lease also included a portion of the basement. Defendant was to receive from Woolman as rent " four percent (4%) of first sales of the business conducted in the space leased herein to the tenant during the term thereof in the sum of $125,000 annually. The tenant agrees to pay one percent (1%) of all sales in excess of $125,000 annually," with a minimum of $4,500 the first year, $5,000 the second year and $5,500 for each of the next two years. In preparing the premises for occupancy by Woolman, defendant made structural changes in the building not permitted by the lease, converting the main floor into two stores. In September, 1934, plaintiff, learning of the Woolman lease and the structural changes in the building, wrote defendant electing to terminate the lease because of these claimed violations, and gave notice to vacate the premises within ten days. Defendant answered, " replying to your notice of September 19th, please be advised that we have not violated the terms of the lease referred to and that the lease is in full force and effect." Shortly thereafter plaintiff commenced the action for a declaratory judgment as to the rights of the parties and for other relief. The decision made by the trial court on July 12, 1935, adjudged that defendant had violated the terms of the lease and directed it and the subtenant Woolman to vacate the premises, and gave a money judgment for twenty-five dollars a day during the Woolman tenancy in lieu of one per cent of the gross sales. Defendant appealed after obtaining a stay for ninety days to appeal and prepare its case thereon. A stipulation was entered into whereunder $6,400 was paid to plaintiff, " the same to be held by Woollard as security for the payment of said judgments appealed from in lieu of the usual undertaking on appeal. This is done with the understanding that said Woollard will not issue execution pending appeal in regard to the money judgments mentioned in said judgment." This court (246 App. Div. 157) reversed the judgment of the Trial Term and dismissed plaintiff's complaint upon the ground that the acceptance of rent after the lease had been violated was a waiver thereof, even though plaintiff had indorsed upon the checks that the acceptance was subject

to pending litigation and not to be considered a waiver. The opinion of the court states: " The plaintiff attempted, without success, by correspondence with the appellant to have it understood that his acceptance of the rent check would be without prejudice to his rights " (p. 161) and " the effect of acceptance of rent which has subsequently accrued is a waiver and cannot be changed by the statement of the lessor that he does not intend to waive his rights or that it is received subject to a litigation pending " (p. 162). Plaintiff appealed to the Court of Appeals. That court (272 N. Y. 304) on December 31, 1936, modified the judgment by allowing plaintiff to recover $750, the stipulated cost of restoring the building to its original condition. The opinion states: " Although plaintiff, by accepting rent, must be deemed to have waived his right to forfeit the lease, he was not thereby deprived of all his contractual rights under that instrument. Defendant violated that covenant by which it agreed to make no structural changes without the landlord's written permission. The parties stipulated on the trial that the cost of restoration of the building to its condition prior to Woolman's occupancy is $750, and we are of the opinion that plaintiff is entitled to that sum."

Woolman continued to occupy the portion of the premises which he had leased until January 12, 1936. Defendant occupied the remainder until October 14, 1935, when a tender of the keys to the landlord was refused. Plaintiff did not take possession of the premises or exercise dominion over them until August 1, 1936, when the term of defendant's lease ended, but received no rent after July 1, 1935. Following the decision in the Court of Appeals (January, 1937) defendant wrote plaintiff: " Re: Woollard v. Schaffer Stores Co. Dear Sir: Our attorneys have advised us of the recent decision of the Court of Appeals in the above matter. This is to notify you that we demand immediate possession of the premises known as No. 67 North Pearl Street, Albany, N. Y. Very truly yours, Schaffer Stores Company, Inc., Henry Schaffer, President." Lessee had the right to continue the lease until August 31, 1948, by giving notice in writing on or before May 1, 1936. This notice was not given. Neither defendant's answer, proof nor brief on this appeal discloses the theory of the demand for possession made after the expiration of the term.

Plaintiff in this action seeks rental for the store to August 1, 1936. The judgment awards the following items: $500 for each of the months of August, September, October, November and December, 1935, and January, 1936; the following amounts, being

one per cent of sales made by the tenant and subtenant: June, $131.97; July, $122.70; August, $96.42; September, $112.88. (These percentages were payable on the tenth day of the month following that in which the sales were made.) The court also gave judgment of twenty-five dollars a day for each business day during which the lessee did not conduct its usual business. This was required under the terms of the lease. The amounts are as follows: One day in September, 1935, $25; twenty-seven days in October, $675: twenty-five days in November, $625; twenty-five days in December, $625; nine days in January to January 12, 1936, $225.

The trial court apparently adopted the doctrine of *Cornwell* v. *Sanford* (222 N. Y. 248). "The service of the precept is an election and declaration on the part of the landlord that the tenant should remove from the premises and that the lease should be canceled; it creates to the tenant the right to remove from the premises and effect the cancellation of the lease at any time thereafter; the removal is the precise act and effect the landlord sought through the service of the precept and the proceeding, and it is entirely immaterial, within the law, whether it is produced through the warrant or the conduct of the tenant in obedience to the precept" (p. 253). The conclusions drawn by the trial court from the facts which it found were that following the commencement of the action for a declaratory judgment by the landlord, and the judgment obtained in the trial court, the tenant had the right to remove from the premises " at any time thereafter." (*Cornwell* v. *Sanford, supra.*) That the occupancy of the premises by Woolman, subtenant of the defendant, amounted to an occupancy by it, and that while defendant withdrew from a portion of the premises in October, 1935, there was not a surrender until January 12, 1936, when Woolman vacated.

Concerning the allowance in the judgment of twenty-five dollars for each business day from the last day of September, 1935, to the 12th day of January, 1936, appellant in its brief says: " No damages were proven by plaintiff so as to entitle it to a recovery under the $25 per day clause within the proper construction of that clause, as expounded in the decisions of this Court and the Court of Appeals in the prior action (272 N. Y. 304 at p. 314 bottom, p. 315 top). For all these reasons, the judgment, in any event, should be modified by eliminating the sum of $25 for each business day from October 1, 1935, to January 11, 1936." I am unable to construe the statement contained in the opinion in the Court of Appeals as it is construed above by appellant's counsel. The opinion states: " The purpose of the provision relating to payment

of $25 per day, in lieu of the percentage of sales, must be to compel the lessee to carry on its business at this location during each business day for the term of the lease in the same manner as at its other stores * * *. The fact that defendant, without plaintiff's written consent, sublet part of the premises on the Pearl street level, which we cannot say as matter of law is not a substantial part, is not sufficient to warrant the conclusion that defendant failed ' to *so* conduct its said business in said demised premises.' Woolman's gross sales were included in the one per cent which was paid monthly to plaintiff and accepted by him. Nothing in the record indicates that if defendant had occupied every square foot of area on the main floor, the gross sales would have been larger. Plaintiff has failed to prove any loss of rent due to the occupation by Woolman." From and after October 1, 1935, defendant received nothing either from Schaffer Stores or Woolman on account of percentage on sales. The lease provides, " if said lessee shall fail for any reason to·so conduct its said business in said demised premises, then it agrees to pay lessor, in lieu of the percentage of sales reserved herein, the sum of twenty-five ($25) dollars a day for each and every business day it may not for any reason conduct the said business therein." Lessee did not conduct its business during the period when twenty-five dollars a day was allowed, and neither it nor Woolman has paid plaintiff a percentage on the latter's sales during the occupancy to and including January 12. 1936, and no proof was made as to the amount thereof. Under the most favorable view of defendant's claim, plaintiff is at least entitled to an affirmance of the judgment of the trial court.

In *Cornwell* v. *Sanford* (*supra*) the landlord on June twenty-third instituted summary proceedings and a final order awarding possession of the premises was made on July sixth. On July twelfth an action was begun by the landlord and a judgment obtained for rent due on July first for that month. The tenant vacated the premises on July fifteenth. The action under review in the Court of Appeals was commenced on May 4, 1907, for rental for the months from August, 1906, to April, 1907. The opinion states: " On the fifteenth day of July, 1906, however, the lease was canceled by the removal of the defendant from and the delivery of the possession of the premises to the plaintiff. The cancellation was not effected by any statute, but was the legitimate and inherent effect ᵥof instituting and conducting to the making of the final order the ʼsummary proceedings, and the removal on the part of the defendant." The portion of the opinion which I have earlier quoted which says that the tenant may terminate the lease by removing

from the premises " at any time " after the order in summary proceedings has been obtained, applies only to the facts which were presented in that case where the tenant had held over only nine days after the order. Under any other facts the statement is *dicta*.

We are to determine whether, under the circumstances here presented, the defendant lessee could, if it elected, construe the lease as binding as determined on appeal, or at its option, have it continue as long but only as long as it desired to continue the occupancy with the right to surrender the premises at any time and to be released from its obligations. Following the decision in the trial court, a stay of ninety days was at once obtained. Before the expiration of that time $6,400 was deposited with the plaintiff under the terms of a stipulation whereby the deposit was made " in lieu of the usual undertaking on appeal " and as security for the payment of the judgments and upon the understanding that an execution would not be issued. Plaintiff gave uncontradicted testimony as to a conversation with defendant's attorney had shortly after the decision of the trial court: " He said, ' Are you going to kick us out? ' Schaffer said to me. I said, ' No, I am going to await the result of an appeal, if one is taken.' And Mr. Schaffer said, ' Well, we are going to appeal,' and I said, ' Well, there's only one thing for me to do and that is to do nothing until I see the outcome of the appeal.' Schaffer said they wanted to stay and I said it was entirely up to his client and that we would not enforce any judgment until all appeals were decided." Plaintiff was acting under eminent authority. " We will not help out the man who has trusted to the judgment of some inferior court. In his case, the chance of miscalculation is felt to be a fair risk of the game of life, not different in degree from the risk of any other misconception of right or duty. He knows that he has taken a chance, which caution often might have avoided. The judgment of a court of final appeal is felt to stand upon a different basis." (The Nature of the Judicial Process, by BENJAMIN N. CARDOZO, pp. 147, 148.)

" The fact that this court in *Green* v. *Royal Arcanum* [206 N. Y. 591] had erroneously decided that the assessments which he refused to pay were invalid was not a legal excuse for non-payment. This was conclusively settled and determined by the Supreme Court of the United States (*Royal Arcanum* v. *Green*, 237 U. S. 531) when it reversed the judgment of this court." (*Evans* v. *Supreme Council, Royal Arcanum*, 223 N. Y. 497, 503.)

In *McDonald* v. *Ruggiero* (144 App. Div. 230) Judge THOMAS, discussing a situation somewhat analogous, said: " Now this very

precept which, at the instance of defendant was found to be premature and a nullity, is invoked for the purpose of establishing a surrender and acceptance of the lease; that is, it is urged that defendant may defeat the precept as invalid, and remain in possession of the premises under the lease, and invoke it as valid when sued for the rent for his continuous enjoyment under the lease." The court did not permit a tenant to take positions so anomalous. The lessee in this case asserted some right under the renewal clause of the lease six months after the original term had expired on August 1, 1936. In *Metropolitan Life Insurance Co.* v. *Childs Co.* (230 N. Y. 285) a tenant was required to pay rent until the sale under a judgment of foreclosure which had been obtained eleven months before the property was sold. The judgment decreed that the tenant was foreclosed of all right, title and interest in the premises. There the tenant had continued to pay rent voluntarily for four months after the action was commenced, but sought to be released thereafter. The opinion states: " It is not argued that the beginning of the action has any bearing on this question, or that the tenant might then have vacated the premises. Certainly the Childs Company did not so construe its rights. For four months it continued to pay rent to the mortgagee. But reliance is placed upon the entry of judgment and its service on the tenant." The conduct of the defendant here indicated an intention to stay in the premises during the term of the lease, which the appellate courts had determined it was permitted to do. Defendant's own occupancy for three months after the judgment of the trial court, together with the occupancy by its tenant for another three months, indicated an intention to continue under the lease, as the appellate courts determined was its privilege; however, if full consideration be given to the language used in *Cornwell* v. *Sanford* (*supra*), the tenant is permitted to be inconsistent, and may do the opposite of what its acts would indicate. " The service of the precept is an election and declaration on the part of the landlord that the tenant should remove from the premises and that the lease should be canceled; it creates to the tenant the right to remove from the premises and effect the cancellation of the lease *at any time thereafter*." The plaintiff, from the bringing of the action until its final determination by the Court of Appeals, continued to assert his right to the possession of the premises because of defendant's violation of the terms of the lease. The tenant now asserts that it moved out in compliance with plaintiff's demand and that its obligation to pay rent terminated, at the latest, when the subtenant vacated the premises. Except when it vacated the premises, all of defendant's acts indicated

an intent to continue its occupancy, and to assert its rights under the lease, but this, under the quoted authority, did not estop it from complying with plaintiff's demand, and when it and its subtenant moved out, the obligation to pay rent ceased.

I am unable to follow the argument that the lease terminated at the time of the decision by the trial court. Defendant asserted that the terms of the lease had not been violated and that it had a right of occupancy thereunder, and even claimed some rights under the contract a year and a half later. This court and the Court of Appeals determined that while it had violated the terms of the lease, plaintiff, by accepting rent, had waived the violation, and thus that the lease continued. This action for rent rather than one brought for use of the premises is proper.

The judgment should be affirmed.

BLISS and FOSTER, JJ., concur; CRAPSER, J., dissents in an opinion, in which SCHENCK, J., concurs.

CRAPSER, J. (dissenting). The defendant appeals from a judgment entered in the Albany county clerk's office in the plaintiff's favor in the sum of $7,298.89 and from an order granting plaintiff an extra allowance.

On May 19, 1933, the plaintiff and defendant entered into a written lease for the premises at No. 67 North Pearl street in the city of Albany whereby the entire premises were leased by the plaintiff to the defendant for a term of three years beginning September 1, 1933, and provided for two successive renewal options of seven and five years respectively. The defendant took possession pursuant to the lease and paid the plaintiff a monthly rental of $500 plus one per cent of the gross sales including the sales of its subtenant.

On August 22, 1934, the defendant entered into an agreement with one Jay L. Woolman, subletting a certain space on the main floor together with a portion of the basement for a term of seven years beginning September 1, 1934, at an annual minimum rental beginning at $4,500 and increasing to $6,000.

Pursuant to that agreement Woolman made alterations and improvements in his part of the premises and operated therein a ladies dress shop. The one per cent of gross sales which the defendant thereafter paid to the plaintiff included one per cent of Woolman's gross sales.

On September 19, 1934, the plaintiff served a written notice both upon the defendant and upon the subtenant, Woolman, which notice read as follows:

*" September* 19th, 1934.

" To SCHAFFER STORES COMPANY, INC.,
        120 Erie Boulevard,
        Schenectady, New York.

" Gentlemen:

" Re: Lease 67 North Pearl Street, Albany, N. Y.

" Whereas the undersigned has observed that you have sublet a substantial portion approximately 12 feet in width and 81 feet in depth on the main floor of the premises 67 North Pearl Street, Albany, New York, in violation of the terms of the lease entered into between you and the undersigned on the 19th day of May, 1933, you will please take notice that the undersigned hereby elects, pursuant to the terms of said lease, that the relation of landlord and tenant shall wholly cease and determine within ten days after receipt by you of this notice and that the said lease shall become void and of no effect and that the undersigned will re-enter the said premises and remove all persons therefrom unless within said ten days your default in the performance of the covenants of said lease aforesaid, be rectified.

" Yours, &c.,
" WILLIAM E. WOOLLARD,
" Owner."

On October 24, 1934, the plaintiff instituted an action in the Supreme Court, Albany county, against the defendant and its subtenant, Woolman. In the complaint in that action the plaintiff alleged the service of the aforesaid notice on the defendant, that the lease was thereby terminated: that the defendant and its subtenant be ousted from the premises and the judgment prayed for asked that it be determined that the lease between the plaintiff and the defendant Schaffer Stores Company, Inc., had been effectively canceled and the right of the defendants to occupy the premises had ceased.

The action was tried before Judge VAN KIRK as official referee and resulted in a judgment in favor of the plaintiff, which was entered on July 12, 1935. Under that judgment the defendant and subtenant were ordered to vacate the premises and to surrender the keys to the plaintiff and the lease was declared " forfeited, cancelled, and null and void and of no effect whatsoever." The judgment also allowed the plaintiff a recovery of $5,310.39, which was computed on the basis of twenty-five dollars, with interest, for each business day, for the period beginning September 1, 1934, and ending July 12, 1935, pursuant to the twenty-five dollars per day clause contained in the lease, and being in lieu of one per cent of the gross sales. The judgment further allowed the plaintiff a recovery

of $750, with interest from September 1, 1934, that amount being the stipulated costs of restoring the premises to the condition in which they were before the alleged structural changes were made by Woolman in that portion sublet to him.

The defendant obtained from Judge Van Kirk on July 10, 1935, the usual thirty-day stay of execution. On August 9, 1935, the defendant Schaffer Stores Company, Inc., appealed from that judgment to this court. No appeal was taken by the codefendant, Woolman.

On August 23, 1935, a written stipulation was entered into between the attorneys for the plaintiff and the defendant reciting that the defendant's check for $6,400 had been deposited with the plaintiff and that

" This is done with the understanding that said Woollard will not issue execution pending appeal in regard to the money judgments mentioned in said judgment.

" The total of the money judgments appealed from amounts to $6,301.18, together with accrued interest from date of entry."

On the defendant's appeal to this court (246 App. Div. 157), this court reversed the judgment against the appellant upon the law and the facts and dismissed the complaint as to the appellant, with costs.

Upon the appeal from the said judgment of the Appellate Division to the Court of Appeals the latter court (272 N. Y. 304–315) held that the plaintiff by accepting rent from the defendant after the service of the notice dated September 19, 1934, must be deemed to have waived his right to forfeit the lease but the defendant having violated its covenant, by which it agreed to make no structural changes without the landlord's written permission, and the parties having stipulated on the trial that the costs of restoration of the building to its condition prior to Woolman's occupancy was $750, the court modified the judgment of the Appellate Division by directing judgment for the plaintiff in the sum of $750 and, as modified, affirmed the judgment.

In the opinion in the Appellate Division it was said: " Assuming that the notice canceling the lease served on the nineteenth of September actually operated to cancel the lease on September twenty-ninth, then the plaintiff could not recover twenty-five dollars a day after that time as he has been permitted to by the judgment herein appealed from. The lease did not bind the tenant after its termination to pay anything and although the tenant remained in the premises the respondent would only be entitled to recover for the use and occupation because privity of contract would have ceased and privity of estate only would have remained."

The Court of Appeals by affirmance of the judgment must have held that the plaintiff herein could only recover from the defendant for the value of the use and occupation of the premises during the time their occupancy continued.

On October 12, 1935, the defendant vacated and removed from all of that portion of the demised premises occupied by it, delivering the keys to the plaintiff with the following written notice:

"*October* 12, 1935.

" Mr. WILLIAM E. WOOLLARD
    91 State Street,
    Albany, N. Y.
" Re: Woollard vs. Schaffer Stores Company, Inc., et ano.
" Dear Sir:
    " This is to advise you that pursuant to a judgment in the above matter, entered July 12, 1935, we have this day wholly vacated the premises at 67 North Pearl Street, Albany, N. Y., and delivered the keys to you. In vacating the said premises and delivering the keys to you, we do so under protest.

"SCHAFFER STORES COMPANY, INC.,
    " By HENRY SCHAFFER,
        "*President.*"

The plaintiff wrote two letters refusing to accept the keys, stating that he had made no demand for the premises, which letters were replied to by the defendant as follows:

"*Oct.* 16, 1935.

" WILLIAM E. WOOLLARD, Esq.,
    91 State Street,
    Albany, N. Y.
" Dear Sir:
    " Your two letters of October 14th to the Schaffer Stores Company, Inc., have been referred to us for our attention. By your own written election, the lease of May 19, 1933, was terminated on September 29, 1934. The judgment orders and directs our client to vacate the premises and deliver the keys. This has been done. The keys which you returned are enclosed herewith.

    " Following the expiration of the temporary stay referred to in your letter, there was no further stay of that portion of the judgment directing our client to vacate and surrender the keys.

    " As to the portion of the premises occupied by Woolman, you alone have the power to regain physical possession under your judgment.

" Very truly yours,
        " SCHAFFER & SEVITS."

All of this transpired before the hearing of the appeal by the Appellate Division and the handing down of its decision which was on January 15, 1936. At the time the appellant moved out on October 12, 1935, the judgment of Judge VAN KIRK was still in full force and effect; only the money part of the judgment was stayed by the deposit of the cash with the plaintiff. It was the duty of the appellant to obey the judgment; the fact that the respondent had stated that he did not intend to enforce the judgment until the appeals were finished was at best only a gratuitous statement. The appellant when it vacated acted under the judgment and pursuant to a specified direction. What it did at that time cannot be evaluated or judged by what transpired later, but must be adjudicated on the basis of the situation as it existed at the time of the vacation of the premises.

The judgment on the remittitur of the Court of Appeals was entered on March 8, 1937, and the present action was instituted by the plaintiff on March 9, 1937.

The appellant's obligation, if any, in respect to the lease in the case at bar must be determined in the light of the conditions existing prior to the reversal by this court of the declaratory judgment. The acts upon which the appellant's liability depends in this action took place during the period between the sending of the notice of termination, September 19, 1934, and the reversal of the judgment by this court on January 15, 1936; that reversal could not and did not affect the rights or obligations of the parties which had become altered due to a change of possession as the result of or in consequence of the judgment as long as it stood unreversed and binding upon the appellant.

The reversal by this court did not reinstate the relationship of landlord and tenant. The appellant's obligation to pay the rent, which had been recovered by the judgment herein appealed from, must be measured as if the declaratory judgment had not been reversed. The obligations of the appellant, now under review, accrued while the declaratory judgment was in effect and binding upon the appellant irrespective of whether that judgment was right or wrong when rendered.

In the former appeal this court stated: " The lease did not bind the tenant after its termination to pay anything and although the tenant remained in the premises the respondent would only be entitled to recover for the use and occupation because privity of contract would have ceased and privity of estate only would have remained."

The present action is based solely upon the lease and is predicated exclusively upon the continued relationship of landlord and tenant—

that was the theory upon which the case was tried and decided. The court below overlooked the fact that liability for rent and liability for use and occupation are entirely separate and distinct obligations. Liability for use and occupation is not liability for rent under a lease. (*Peoples Trust Co.* v. *Schultz N. & S. G. Co.*, 244 N. Y. 14; *Rosenfeld* v. *Aaron*, 248 id. 437; *Hermitage Co.* v. *Levine*, Id. 333; *Michaels* v. *Fishel*, 169 id. 381; *Caesar* v. *Rubinson*, 174 id. 492; *Smith* v. *Frank*, 252 App. Div. 834.)

The defendant-appellant having removed from the said premises while the declaratory judgment was in full force and effect cannot any longer be held to the terms of the lease, but whatever rights remained in the plaintiff against him must be for use and occupancy. (*Cornwell* v. *Sanford*, 222 N. Y. 248; *Wolf-Kahn Realty Corp.* v. *Sussman*, 240 App. Div. 422; *International Publications* v. *Matchabelli*, 260 N. Y. 451.)

The difference between liability for use and occupation as distinguished from liability for rent is not a mere technical distinction between alternative causes of action, but is substantial and important to the appellant. (*Rainier Company* v. *Smith*, 65 Misc. 560; *Martin* v. *Moulton*, 200 N. Y. Supp. 213; *Lucina Realty Co., Inc.*, v. *Flachner*, 180 id. 732.)

The judgment appealed from should be reversed and the complaint dismissed on the ground that plaintiff's correct and proper action is to recover for the use and occupation of the premises.

SCHENCK, J., concurs.

Judgment affirmed, with costs.