## IRVING FELTMAN
*vs.*
## FLORENCE M. COMPTON

Superior Court          New Haven County          File No. 55143

MEMORANDUM FILED JANUARY 12, 1940.

*Naaman Cohen,* of Hartford, for the Plaintiff.

*Edward L. Reynolds,* and *A. Robert Levett,* of New Haven, for the Defendant.

FOSTER, J. On September 10, 1932, the defendant leased unto Louis Goldberg by written lease certain premises in the City of Albany, State of New York, for a period of five years beginning October 1, 1932, and Goldberg entered into possession of the leased premises. It was provided in the lease that Goldberg might assign the lease to a corporation organized under the laws of the State of New York, a majority of whose issued and outstanding capital stock should be owned by Goldberg. Pursuant to such provision Goldberg assigned the lease to the Holsum Dairy Company, Incorporated, which corporation entered into possession of the premises and was accepted as such tenant by the defendant as landlord. The lease provided in part that "the tenant will deposit with the landlord the sum of $2,500 in the following installments: $1,000 thereof upon the execution of this lease, $100 thereof on the last day of each of the first six months of the term hereby demised, and $150 thereof on the last day of each of the second six months of the term hereby demised; for which sum so deposited the landlord will pay to the tenant semi-annually interest at the rate of four per cent from the date of deposit thereof, and which sum of $2,500 shall be held by the landlord as security for the full and faithful performance of all of the covenants and conditions herein contained on the part of the tenant to be performed, and said sum shall be returned to the tenant at the expiration of the term hereby demised, if the tenant shall have fully and faithfully kept and performed all said terms and conditions on his part."

Goldberg deposited the sum of $1,000 and later Holsum Dairy Company, Incorporated, deposited the sum of $1,500 with the landlord in pursuance of the paragraph of the lease above quoted.

On June 20, 1934, the defendant presented to the City Court of Albany, New York, a petition in writing to the effect that Louis Goldberg and Holsum Dairy Company, Incorporated, hold over and continue in possession of the premises described in the lease after default in payment of rent and praying for a final order that Goldberg and Holsum Dairy Company, Incorporated, be removed from the premises and also praying for

judgment for rent in arrears in the amount of $168.82. Upon such petition the City Court of Albany issued its precept requiring Goldberg and Holsum Dairy Company, Incorporated, forthwith to remove from the premises or to show cause to said court why possession of such premises should not be delivered to the petitioner, and copies of such precept and petition were duly served upon Goldberg and Holsum Dairy Company, Incorporated.

On July 9, 1934, the City Court of Albany granted a final order awarding possession of the premises to the petitioner, the defendant in this case, and granting her judgment for $168.82 for rent in arrears. Several days thereafter Holsum Dairy Company, Incorporated, removed from the premises and vacated and quit the same and thereupon the defendant took possession of the premises.

It is alleged in the complaint that pursuant to section 1434 of the Civil Practice Act, as construed by the courts of the State of New York, the lease between the defendant and Goldberg and Holsum Dairy, Incorporated, was cancelled and annulled and that the term therein provided terminated by the removal of the Holsum Dairy Company, Incorporated, pursuant to the service upon it of such precept and the granting of the order by the City Court of Albany awarding possession of the demised premises to the petitioner. It is further alleged in the complaint that on July 9, 1934, when the lease was cancelled as above claimed, the Holsum Dairy Company, Incorporated, became entitled to the return to it by the defendant of the $2,500 deposited by it and by Goldberg, plus interest on such amount at the rate of four per cent per annum from the date of deposit, less $158.82 due for rent in arrears. After moving out of the premises Holsum Dairy Company, Incorporated, made an assignment for the benefit of creditors and Irving Feltman was appointed assignee for the benefit of creditors of such company.

The complaint is based on section 1434 of the Civil Practice Act of the State of New York, which is as follows: "When warrant cancels lease; exceptions. The issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises, if any, under which the person removed held them, and annuls accordingly the relation of landlord and tenant, except that it does not prevent a landlord from recovering by action any sum of money which was at the time when the precept was issued payable by the terms of

the agreement as rent for the premises, or the reasonable value of the use and occupation thereof to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any special provision for payment of rent."

It is to be observed that after the passage of the order by the City Court of Albany, Holsum Dairy Company removed from the premises. The defendant claims that since no warrant was issued as the result of her petition the lease was never cancelled. It appears, however, that even if the defendant be right in this contention, the lease was cancelled by the removal of the tenant following the proceedings in the City Court of Albany.

A lease is not cancelled by the issuance in summary proceedings of a precept or the making of the final order. The moving by the tenant from the leased premises, enabling thereby the landlord to take peaceable possession of them, after the issuance and service of the precept in summary proceedings, cancels the lease and annuls the relation of the landlord and tenant as of the time of the removal. It is immaterial, within the law, whether the removal is produced through the warrant or the conduct of the tenant in obedience to the precept. *Cornwell vs. Sanford*, 222 N.Y. 248.

The defendant claims that the plaintiff relies on section 1434 of the Civil Practice Act of the State of New York and cannot make any claim outside of the termination of the lease effected by the statute.

It is clearly alleged in the complaint that Holsum Dairy Company, Incorporated, did move and abandon the premises and the lease. It thus clearly is alleged in the complaint that the lease was terminated by the removal of the tenant upon the service of the precept served by virtue of the order secured from the court by the landlord.

The defendant leased the premises to Louis Goldberg by written lease. The plaintiff claims that Goldberg assigned the lease to Holsum Dairy Company, Incorporated, by written instrument. No such written instrument is presented in evidence, nor are there produced reasons satisfactory to the court for the failure to produce such written instrument or evidence that satisfies the court as to the contents of such missing written instrument.

Holsum Dairy Company, Incorporated, made an assignment

of its assets for the benefit of creditors. Feltman, the assignee, the plaintiff in this action, has no greater rights than it is proved were possessed by Holsum Dairy Company, Incorporated.

The $2,500 sought to be recovered was, according to the terms of the lease, to be held by the landlord "as security for the full and faithful performance of all the covenants and conditions (of the lease) on the part of the tenant to be performed."

There is no allegation in the complaint that either Goldberg or Holsum performed all the covenants and conditions to be performed in accordance with the terms of the lease. On the contrary there is much evidence, some of which is undisputed, that the lessee failed to perform the covenants and conditions of the lease to be performed by the tenant.

There is evidence from which it may be fairly inferred that the breach of such covenants and conditions by the tenant damaged the landlord, this defendant, to an extent substantially greater than the $2,500 sought to be recovered.

Judgment is rendered in favor of the defendant against the plaintiff.