Francis J. Donovan, J.
This is an action for $460 rent for the months of April and May, 1962 claimed to be due under a lease. The plaintiff also sues for $100 legal fees pursuant to the terms of the lease. The term of the lease continues to July 31, 1963. Plaintiff asks leave to amend this complaint to include a demand for subsequent rent. Plaintiff also moves for summary judgment. The defendant appeared in person in opposition but filed no affidavit. He merely handed in a batch of miscellaneous papers. He literally ‘1 threw himself on the mercy of the court.”
Where parties appear without counsel a difficult burden is placed upon this court. The court cannot prepare affidavits for *535 the parties. In most instances snch lay persons cannot themselves prepare such affidavits, nor can they assist the court with legal argument or citations of authority.
The papers submitted by the defendant cannot be considered on this motion because they are not in affidavit form. Among those papers, however, was a formal notice to vacate addressed to the tenant by the landlord dated April 12, 1962 signed by Edward Minton, landlord’s agent. The notice required the tenant to vacate the premises on or before April 20, 1962. The moving affidavit states that the tenant did in fact vacate the premises on May 1,1962.
Were this notice of termination properly before the court, it might constitute a complete defense to any action for rents subsequent to May 1,1962 (Friedman v. Farrell [Nassau County Dist. Ct., 2d Dist., Valley Stream, Index No. 869-1960, affd. App. Term, 2d Dept., Dec., 1960]; Cornwell v. Sanford, 222 N. Y. 248.)
Furthermore the landlord’s attempt to terminate in the middle of a month may furnish a defense to an action for rent for the month of April. However, none of this is before the court.
There are, however, two matters which the court may consider upon the motion. The affidavit in support of the motion is by an attorney rather than by a party having knowledge of the facts. The moving affidavit also fails to give any of the circumstances surrounding the defendants’ vacating the apartment. Specifically it fails to state whether or not such removal was with or without the consent of the landlord.
Secondly the service of the motion papers was improper. Rule XX (subd. 1, par. B) of the Rules of the District Court of the County of Nassau provides that the motion papers shall be served personally or by registered letter where the defendant appears in person. The affidavit of service annexed to the moving papers indicates that the motion papers herein were served by ordinary mail.
Accordingly, the motion is denied and it is suggested that the defendants obtain the services of an attorney.