■ JAMES R. PIERSON et al., as Trustees under the Will of HENRY L. PIERSON, Deceased, Respondents, v. CARVEL STORES REALTY CORP. et al., Appellants.— In an action under a written lease to recover installments of rent alleged to be due for the months of April, May, June, July, August and September, 1961, and to recover for unpaid school taxes, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Rockland County, dated February 8, 1962, which, on plaintiffs' motion pursuant to rule 113 of the Rules of Civil Practice, struck out defendants' answer and granted summary judgment against the defendants for the full amount demanded in the complaint ($1,637.87), together with interest, costs and disbursements. Order and judgment modified on the law and the facts as follows: (1) by deleting its three decretal paragraphs granting the motion, striking out defendants' answer and awarding judgment against defendants for the full amount demanded in the complaint; (2) by substituting therefor a provision granting the motion to the extent of directing partial summary judgment, without costs, to plaintiffs against defendants for $1,013.32 (such sum representing the unpaid rent installments of $253.33 for each of the four months of April, May, June and July, 1961), with interest computed on each installment from the first day of each of the several months; (3) by substituting a second provision severing the action as to the rent for the said four months; and (4) by substituting a third provision denying the motion as to the claimed unpaid rent for the months of August and September, 1961, and as to the claimed unpaid taxes, and

directing that the action proceed as to such claimed unpaid rent and taxes. As so modified, the order and judgment are affirmed, with $10 costs and disbursements to defendants. The record fails to disclose any defense to the rent claimed for the four months from April to July, 1961, a period during which the defendants remained in possession of the premises. The dispute relates primarily to the rent which accrued thereafter and to the unpaid taxes. As a defense to the claim for such after-accrued rent and for the taxes, defendants contend that they surrendered possession of the premises after July 5, 1961 — the date when, pursuant to section 1410 of the Civil Practice Act, the plaintiffs served upon them a three-day notice demanding that they pay the rent arrears or quit the premises. The record, however, presents an issue of fact as to whether and when the defendants surrendered possession of the premises to the plaintiffs. In any event, the mere service of the said three-day statutory notice did not, as defendants urge, sever the relationship of landlord and tenant between the parties (*Cornwell* v. *Sanford*, 222 N. Y. 248), particularly since on this record an issue of fact exists as to whether defendants in fact vacated the premises pursuant to said notice. Such issue of fact and the question concerning defendants' liability for rent after July, 1961, as well as their liability for the claimed unpaid taxes, will have to be resolved after a trial. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.