Bentley Kassal, J.
Tenant, in this commercial nonpayment summary proceeding, moves to dismiss the petition on the basis of election of remedies by the landlord. Tenant argues that the landlord’s conduct in commencing a holdover proceeding and appealing the final judgment bars the institution of the nonpayment proceeding.
In August, 1972, the landlord served the tenant with a notice of cancellation for failure to remedy numerous claimed defaults under the lease, and followed, in October, with the institution of a holdover summary proceeding. After trial, on April 13, 1973, a final judgment issued dismissing the petition, and on April 24, 1973, landlord filed a notice of appeal.
*718 From August 26, 1972 to March 31, 1973 tenant remained in possession of the premises but did not pay rent, and in May, 1973, while the notice of appeal was pending, the landlord instituted the present proceeding.
It is clear that the mere commencement of a summary proceeding alone is not sufficient to relieve a tenant from liability for subsequently accruing* rent. (Woollard v. Schaffer Stores Co., 258 App. Div. 387; Cornwell v. Sanford, 222 N. Y. 248.) In fact, even a final judgment in favor of the landlord does not terminate the landlord-tenant relationship until the warrant of dispossess issues. (Cornwell v. Sanford, supra; Prandi v. Goldman, 117 N. Y. S. 2d 505; 3 Rasch, New York Landlord and Tenant [2d ed.], § 1399.)
On the other hand, where a tenant succeeds in dismissing a petition in summary proceeding, as in this case, he cannot then contend that the landlord’s original and dismissed petition was valid and that the lease is thereby canceled. (McDonald v. Ruggiero, 144 App. Div. 230; 3 Rasch, New York Landlord and Tenant, §§ 782, 1404.)
Tenant „ claims that the fact the landlord filed a notice of appeal somehow changes the situation. Until there be a reversal on appeal, however, the judgment rendered in the prior summary proceeding is res judicata as to the existence of a valid and subsisting lease and this court and all parties are bound by that ruling. (Meyerhoffer v. Baker, 121 App. Div. 797; 3 Rasch, New York Landlord and Tenant, § 1371.)
Tenant argues that the landlord’s claim of a continuing relation as landlord and tenant, necessary for the present proceeding, is inconsistent with its prior position and it is bound by its prior election of remedies. But such argument, if permitted, would have tenant now denying the existence of the landlord-tenant relationship, an assertion inconsistent with tenant’s claim in the prior proceeding, the judgment rendered in that proceeding, and the reality of his continued occupancy.
Finally, this court agrees with the well-reasoned decision of Judge Stecher in Darnet Realty Corp. v. Markley (N. Y. L. J., Sept. 21, 1970, p. 19, cols. 2, 3). In Barnet, the landlord, like landlord here, brought a summary proceeding, while appealing from an adverse decision in a holdover proceeding. Judge Stecher, after classifying the action as one for “ rent ” (rather than “ use and occupation”) held: “ The statute now permits the landlord to accept rent ‘ after commencement of the special (holdover) proceeding ’ and provides that such acceptance shall neither terminate .the proceeding nor affect the award of posses *719 sion (RPAPL 711, subd. 1). If the landlord is entitled at this stage of the proceeding to receive the rent without prejudice to the holdover proceeding, he certainly should he entitled to demand it with like immunity 8 * * Certainly the landlord should not be deprived of the rent, nor should his right to it be delayed, nor should the landlord’s remedies be curtailed because it seeks to pursue another right in a fashion provided for by law. To make a contrary determination would exalt semantics over reality and permit the tenant the inconsistent position of asserting a valid lease at the same moment he denies the landlord’s right to collect the rent reserved in that lease.”
The tenant’s other defense is that landlord’s “ dilatory tactics ” in waiting nine months to commence this proceeding has thereby defeated the right to use summary proceedings and it is relegated to the sole remedy of an action at law. As authority for this proposition, the decisions of Judge Yoxjkger in Gramford Realty Corp. v. Valentin (71 Misc 2d 784), and Judge Fleary in Maxwell v. Simons (N. Y. L. J., March 30, 1973, p. 18, col. 1) are cited.
However, the Gramford and Maxwell cases are readily distinguishable on the facts from this case. In the case at bar, there is a commercial tenancy — a restaurant bar — being used for business income producing purposes, while in the other two instances the respondents were residential rent-controlled tenants. It was also established in Maxwell and suggested in Gramford that the landlords had well-conceived plans to place the tenants in a financial bind by allowing the rental arrears to accumulate to large sums, so that tenants would be unable to overcome this obstacle within the short period of stay allowable in a nonpayment summary proceeding. This defense was not claimed or proved by tenant in the instant case. Lastly, while the landlord in the Gramford case permitted one year to elapse and the landlord in the Maxwell case permitted periods ranging from eight to 10 months to elapse before taking action against the tenants, the landlord herein did move with reasonable dispatch in that this nonpayment proceeding was commenced within one month after the decision against it in the holdover proceeding. These several facts are sufficient in my opinion to justify differentiating this case from the Gramford and Maxwell conclusions, which, incidentally, I do agree with under the applicable circumstances.
On the whole, it appears to me that tenant’s contentions are inconsistent and designed to whipsaw the landlord so that *720 it may remain in possession without paying rent by claiming here that its tenancy was terminated by the landlord’s notice even though the landlord did not prevail in this contention in the holdover proceeding.
Tenant seeks the best of both worlds in remaining a tenant or occupant without paying rent, until there has been a final determination on appeal or the appeal withdrawn as a condition for the payment of rent.
The landlord appears to be damned whichever way it turns. The logic of tenant’s position that the prosecution of the appeal precludes this proceeding escapes me because, if there be prejudice by any legal proceeding — and I have great doubts that there are — this summary proceeding, at odds with the appeal, may prejudice the appeal. But that issue by this decision is respectfully referred to another tribunal.
Accordingly, since I had directed at the trial that there be a further hearing if landlord survives the motion to dismiss the petition, I am denying the motions and ordering- a hearing to be held on July 19, 1973, at Trial Term, Part 52 at 9:30 a.m. The sole issue will be the amount of the arrears of rent.
The parties should be prepared at that time to litigate the entire question of all rental arrears due under the lease. Final judgment shall be entered for the landlord in the amount of rental arrears determined at such hearing.