OPINION OF THE COURT
Sam Eisenberg, J.
Each of the above-named tenants is a respondent in a holdover proceeding, and all, or most of them, are respondents in a nonpayment proceeding. The petitioner landlord in each case is the City of Mount Vernon. Further, each of the respondents is represented by the same counsel.
Various motions have been made by the parties and this decision will dispose of these motions.
The following motions have been made:
i. Motion by the respondents to dismiss the holdover proceedings where nonpayment proceedings have also been begun on the ground that the nonpayment proceedings were instituted during the pendency of the prior *882 holdover proceedings and that it is inconsistent and impermissible to institute nonpayment summary proceedings while summary holdover proceedings are pending.
ii. A motion by the respondents to consolidate all of the nonpayment proceedings into one proceeding and to provide for the deposit of rents with this court until the ultimate disposition of the proceedings.
hi. A motion by the petitioner to compel the payment of rents directly to the City of Mount Vernon, as landlord, pending the disposition of these proceedings.
The following disposition is made of the various motions.
I. PETITION TO DISMISS HOLDOVER PROCEEDINGS
A holdover proceeding is said to terminate a landlord-tenant relationship. A demand for “rent” as distinguished from a demand of payment for the “use and occupancy” of premises ordinarily presupposes a landlord-tenant relationship. The holdover proceedings herein are based upon 30-day notices of termination sent to each of the tenants. The nonpayment proceedings were brought after the failure of the tenants to make payments for rent or use and occupancy during the pendency of the holdover proceedings. '
RPAPL 711 (subd 1) expressly provides that “acceptance of rent after commencement of a special proceeding * * * shall not terminate such proceeding nor affect any award of possession to the landlord”.
Without question, a landlord may collect rent after the commencement of a holdover proceeding without affecting the proceeding. But the issue is raised as to whether the landlord may institute nonpayment summary proceedings where the alleged holdover tenant has not paid rent pending the determination of the holdover proceeding. In this connection, the court notes the following language used in United Artists Corp. v No. 731 Seventh Ave. Rest. (75 Misc 2d 717, 718-719): “ ‘The statute now permits the landlord to accept rent “after commencement of the special (holdover) proceeding” and provides that such acceptance shall neither terminate the proceeding nor affect the award of possession (RPAPL 711, subd. 1). If the landlord is entitled at this stage of the proceeding to receive *883 the rent without prejudice to the holdover proceeding, he certainly should be entitled to demand it with like immunity * * * Certainly the landlord should not be deprived of the rent, nor should his right to it be delayed, nor should the landlord’s remedies be curtailed because it seeks to pursue another right in a fashion provided for by law.’ ”
It would defeat the purpose of RPAPL 711 (subd 1) to permit a landlord to collect rent during the pendency of a holdover summary proceeding, but to deny him an effective remedy for the collection thereof. There is no inconsistency between a holdover proceeding and a nonpayment proceeding pending the disposition of the holdover proceeding. In effect, the nonpayment proceeding addresses itself simply to the obligation of the tenant who continues in possession to pay his rent under the penalty of removal. That is a sanction which could be invoked by a separate motion within the holdover proceeding, and the use of a separate nonpayment proceeding neither diminishes the rights of the tenant nor increases the remedies and rights of the landlord.
It is, therefore, this court’s conclusion that a landlord may bring a proceeding for nonpayment of rent after a summary proceeding has been brought against an alleged holdover and during the pendency of that holdover proceeding. Accordingly, the respondents’ motion to dismiss the holdover proceedings is denied, and both the holdover proceedings and the nonpayment proceedings may proceed to disposition and determination of the rights of the respective parties.
II. MOTION TO CONSOLIDATE THE VARIOUS PROCEEDINGS
A general denial and a claim of breach of warranty of habitability have been asserted as defenses in each proceeding. Claiming that all of the cases have common questions of law and fact, the respondents seek to consolidate all of the proceedings. To the extent that the breaches by the landlord affect areas common to all the tenants, there are common questions of fact. However, to the extent that there are undesirable conditions in the individual apartments, those conditions relate only to the affected apartments and tenants. There are, of course, common questions of law which affect all of the respondent tenants. In view of *884 the variety of facts, the motion to consolidate all of the proceedings into one is denied but the proceedings will be tried jointly so that the common questions of fact and law may be considered collectively; and the separate questions of fact and law affecting particular apartments and tenants may be heard separately. In any event, the joint trial of all of the proceedings should aid in an expeditious trial of all of the proceedings.
At the next return date of these proceedings, October 7, 1983, the court will fix the dates of trial and procedures which may be of assistance in the expeditious disposition and trial of the various proceedings.
III. MOTION TO DEPOSIT MONEYS IN COURT OR MAKE PAYMENT TO THE PETITIONER
During the pendency of various motions in these proceedings, the court has, from time to time, ordered the deposit of rents or amounts for use and occupancy with the court. This was done pending a determination within the Supreme Court of Westchester County of one of the crucial issues. That issue has since been resolved, permitting this court to go forward. The petitioner now points out that the cost of maintaining the premises far exceeds the amount of rent which is now payable, and it asks that pending the determination of these proceedings that the rent be paid directly to it.
In cases where a defense and counterclaim of breach of warranty of habitability is asserted, the court frequently will order the deposit of the rents with the court. This is usually done to assure the availability of funds to meet the obligations of the landlord to the tenant if the breach of warranty of habitability is sustained. The court sees no need for that procedure at this time.
The tenants strongly demand the furnishing of services by the petitioner landlord. Under the circumstances, it would best serve the interests of the parties if the rent were paid directly to the landlord. The court sees no risk to the tenants from such an arrangement, but only a benefit. It may be that the withholding of the rent is sought as a weapon against the landlord, but the use of such weapon will not serve the tenants well. Accordingly, the tenant *885 respondents’ motion to permit the deposit of rents or amounts for use and occupancy with the court is denied, and pending these proceedings, all amounts for rent or use and occupancy are to be paid directly to the landlord. The funds now on deposit with the court from the various tenants pursuant to separate orders heretofore made may now be transferred to the landlord upon appropriate application therefor by the petitioner landlord so that the amounts may be identified and a record made with respect to each of the tenants affected as to the sums transmitted from the court to the landlord.